**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| AMNET ESOP CORPORATION d/b/a AMERICAN MORTGAGE NETWORK, | Civil Action No. 3:24-cv-0970 (aar) |
| | Hon. Michael M. Anello (presiding) |
| Plaintiff, | Magistrate Judge Karen S. Crawford |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF** |
| CROSSCOUNTRY MORTGAGE, INC., and SPENCER THOMAS, | |
| Defendants. | |

i

3:24cv0970

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## TABLE OF CONTENTS

I.    INTRODUCTION ..................................................................................................1

II.   FACTUAL BACKGROUND.................................................................................2

   a.  Plaintiff's Engagement of Mitchell Sandler and Smith, Gambrell & Russell ..........2

   b.  Plaintiff's Failure to Pay its Attorneys ................................................................3

   c.  Notice of Intent to Withdraw as Counsel ...................................................4

III.  LEGAL STANDARD ...........................................................................................5

IV.   ARGUMENT.........................................................................................................6

   a.  The Undersigned Counsel have provided sufficient notice to Plaintiff of
   their intent to withdraw as counsel .............................................................................6

   b.  Good cause exists to permit the Undersigned Counsel to withdraw as counsel .......7

   c.  Withdrawal will not cause prejudice to the client or other litigants, nor any
   harm to the administration of justice or delay of the resolution of the case...................9

V.    CONCLUSION....................................................................................................11

1

**TABLE OF AUTHORITIES**

Cases

*Canandaigua Wine Co. v. Edwin Moldaeuer*, No. 102CV06559OWWDLB,

2009 WL 89141 (E.D. Cal. Jan. 14, 2009) ........................................................8

*Fabricant v. Fast Advance Funding, LLC*, No. 217CV05753-AB (JCx),

2018 WL 6927809 (C.D. Cal. June 26, 2018) ...............................................8, 9

*Gurvey v. Legend Films, Inc.*,

2010 WL 2756944 (S.D. Cal. July 12, 2010) .................................................10

*Indymac Fed. Bank, F.S.B. v. McComic*, No. 08CV1871IEGWVG,

2010 WL 2000013 (S.D. Cal. May 18, 2010) .................................................10

*Inigo v. Express Movers, Inc.*, No. 318CV02844-BEN-LL,

2020 WL 8838166 (S.D. Cal. June 24, 2020) ..............................................7, 10

*Kassab v. San Diego Polic Dep't*,

2008 WL 251935 (S.D. Cal. Jan. 29, 2008).......................................................5

*Langer v. YM Holdings, LLC*, No. 18CV1114JLS (KSC),

2019 WL 2472623 (S.D. Cal. June 13, 2019) ...................................................5

*Leatt Corp v. Innovative Safety Tech., LLC*, No. 09CV1301IEG (POR),

2010 WL 444708 (S.D. Cal. Feb. 2, 2010).....................................................5, 7

*Light Salt Investments, LP v. Fisher*,

2013 WL 12121255 (S.D. Cal. Nov. 14, 2013)...............................................10

*Point Ctr. Fin., Inc. v. HPC U.S. Fund 1, L.P.*, No. SACV1200367CJCANX,

2012 WL 12953462 (C.D. Cal. Oct. 11, 2012)..................................................9

Rules

Cal. Rule of Prof. Conduct 3-700 ......................................................................10

Cal. Rule of Prof. 1.16 .....................................................................................6, 7

Cal. Rule of Prof. 83.3 ....................................................................................5, 10

iii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

In support of their Motion to Withdraw as Counsel for Plaintiff, Ari Karen and Sean Harding of the law firm Mitchell Sandler PLLC ("Mitchell Sandler"), jointly with S. Gardner Culpepper of the law firm Smith, Gambrell & Russell, LLP ("Smith, Gambrell & Russell") and Katharine Batista (together, the "Undersigned Counsel"), state as follows:

I.      **INTRODUCTION**

The Undersigned Counsel have moved this Court to allow them to withdraw as counsel for Plaintiff AmNet ESOP Corporation d/b/a American Mortgage Network ("Plaintiff") as Plaintiff has accrued a significant amount in unpaid legal fees to both Mitchell Sandler and Smith, Gambrell & Russell. In fact, Plaintiff has refused to pay any invoices since February 6, 2023 – well over a year ago.

As a result of Plaintiff's non-payment, the Undersigned Counsel have been forced to continue to litigate this action without any remuneration. Plaintiff's failure to pay its counsel constitutes an unreasonable financial burden on the Undersigned Counsel and, further, fails to fulfill Plaintiff's obligation under the respective engagement agreements with the Undersigned Counsel. For these reasons, and as explained in more detail herein, good cause exists to permit withdrawal of counsel in this case and the Undersigned Counsel respectfully request that the Court allow them to withdraw as counsel for Plaintiff in this action.

3:24cv0970

## II.   FACTUAL BACKGROUND

### a.   Plaintiff's Engagement of Mitchell Sandler and Smith, Gambrell & Russell

On January 3, 2022, Plaintiff engaged the law firm of Mitchell Sandler to perform legal services and entered into an engagement agreement (hereinafter referred to as the "Engagement Agreement"). *See* January 3, 2022 Engagement Agreement, attached as **Exhibit 1**. As relevant to this Motion, Plaintiff requested that Mitchell Sandler serve as lead counsel and file a lawsuit against Defendants CrossCountry Mortgage, LLC, Spencer Thomas, and William Myers[2], in relation to the Defendants' alleged participation in a scheme to misappropriate Plaintiff's confidential information and divert Plaintiff's customers, loans, and referrals to CrossCountry. *See* Declaration of Ari Karen, ¶ 3. On or about April 12, 2023, the law firm of Smith, Gambrell & Russell was retained to serve as local counsel and to assist with the filing of the action in the United States District Court for the Northern District of Georgia. *Id.* at ¶ 4.

On January 10, 2023, Plaintiff filed its Complaint against the Defendants, asserted several causes of action, including intentional interference with contractual and prospective economic relations, breaches of contract and other common law duties, the use of false representations and misrepresentations to pass off their services as those of Plaintiff in violation of the Lanham Act, and violations of state and federal law protecting trade secrets and confidential information. *See* ECF No. 1. An Amended Complaint, which is the

---

[2] William Meyers has since been dismissed from the case.

operative pleading in this action, was filed on April 21, 2023. *See* ECF No. 29. The Parties have engaged in substantial litigation in this matter, including motions to dismiss filed by all three Defendants (ECF Nos. 7, 10, 11, 34, 35, 36), conducting Rule 26 conferences and the exchange of initial disclosures (ECF Nos. 60) and a motion to transfer the action. *See* ECF No. 55. The Parties are presently in the early stages of discovery and the end of discovery is currently scheduled for October 17, 2024. *See* ECF No. 61 at 1.

### b. Plaintiff's Failure to Pay its Attorneys

On or about February 6, 2023, Plaintiff stopped paying the invoices sent to it by Mitchell Sandler for the services of the attorneys from Mitchell Sandler. *See* Decl. of Ari Karen at ¶ 5. Plaintiff failed to pay any of the invoices sent on behalf of Smith, Gambrell & Russell. *Id.*  Since February 6, 2023, Plaintiff has failed to make *any* payments towards the arrears owed to Mitchell Sandler and/or Smith, Gambrell & Russell for the provision of the agreed-upon legal services. As of the date of this filing, Plaintiff owes its attorneys more than $206,141.45. *See* Copies of Outstanding Invoices, attached as **Exhibit 2**. Despite the significant past due amount, the Undersigned Counsel continued to diligently represent Plaintiff.

Mitchell Sandler made numerous attempts to collect the debt owed by Plaintiff. *See* List of Attempts to Collect debt, attached as **Exhibit 3**. In fact, on June 20, 2023, AMNET's president and CEO promised that it would begin making payments.  From December of 2023 through May of 2024, the Firm engaged in multiple discussions attempting to avoid filing the instant motion.  Despite multiple representations that the Firm would receive at

3:24cv0970

least some payments on the balance, no monies have been paid to the firm on the outstanding balances and it is apparent no payments are forthcoming in the near future. The full arrears of $206,141.45 remains outstanding and the Firm will need to engage in collection efforts in order to be paid.

   c.  **Notice of Intent to Withdraw as Counsel**

As a result of Plaintiff's repeated failure to pay its invoices, despite assurances to the contrary, the Undersigned Counsel were forced to notify Plaintiff of their intent to file a motion for withdrawal of counsel in the above-captioned action. On February 28, 2024, Ari Karen sent a letter to Plaintiff via certified U.S. mail and electronic mail, through Joseph Restivo, notifying Plaintiff that Mitchell Sandler and its attorneys intended to file a motion to withdraw as counsel in the above-captioned action as a result of Plaintiff's non-payment of past due legal fees. *See* February 28, 2024 Letter from Mitchell Sandler, attached as **Exhibit 4**. On March 1, 2024, S. Gardner Culpepper sent a similar letter to Plaintiff via certified U.S. mail and electronic mail, on behalf of the Smith, Gambrell & Russell attorneys, notifying Plaintiff of their intent to request to withdraw as counsel for non-payment. *See* March 1, 2024 Letter from Smith, Gambrell & Russell, attached as **Exhibit 5**.  Multiple conversations ensued since that time but despite repeated assurances, no payments have been received.

AMNET acknowledged receipt of these letters but has still failed to make any payments towards the significant arrears. As such, the Undersigned Counsel have no choice

4

but to file the present Motion and request that they be allowed to withdraw as counsel for

Plaintiff.

### III.    LEGAL STANDARD

An attorney may not withdraw as counsel except by leave of court. *Kassab v. San Diego Polic Dep't,* 2008 WL 251935, *1 (S.D. Cal. Jan. 29, 2008). With respect to a motion for withdrawal of counsel, Rule 83.3(f)(3) of the Local Civil Rules for the U.S. District Court for the Southern District of California provides:

> **a)** A Motion to withdraw as attorney of record must be served on the adverse party and on the moving attorney's client.

> **b)** A declaration pertaining to such service must be filed. Failure to make serve as required by this section or to file the required declaration of service will result in a denial of the motion.

The decision to grant or deny counsel's motion to withdraw is within the discretion of the trial court. *Langer v. YM Holdings, LLC*, No. 18CV1114JLS (KSC), 2019 WL 2472623, * 1 (S.D. Cal. June 13, 2019) (quoting *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQH (NLS), 2008 WL 410694, * 2 (S.D. Cal. Feb. 13, 2008)). "In ruling on a motion to withdraw as counsel, courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp v. Innovative Safety Tech., LLC*, No. 09CV1301IEG (POR), 2010 WL 444708, *1 (S.D. Cal. Feb. 2, 2010) (citing *Beard*, 2008 WL 410694, at *2).

Additionally, Rule 1.16(b) of the California Rules of Professional Conduct provides, in relevant part, that "a lawyer may withdraw from representing a client if…(4) the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively… (5) the client breaches a material term of an agreement with, or obligation, to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation [or] the lawyer believes in good faith, in a proceeding before a tribunal, that the tribunal will find the existence of other good cause for withdrawal."

## IV.   ARGUMENT

As explained herein, good cause exists for the Court to grant the Undersigned Counsel's motion to withdraw as counsel for Plaintiff.

### a. The Undersigned Counsel have provided sufficient notice to Plaintiff of their intent to withdraw as counsel.

As an initial note, the Undersigned Counsel have already served notice to Plaintiff of their intent to withdraw as counsel in this action and have provided sufficient time for Plaintiff to engage new representation. On February 28, 2024, and March 1, 2024, the Undersigned Counsel sent letters to Plaintiff, through its CEO Joseph Restivo, providing notice of their intent to withdraw as counsel due to Plaintiff's non-payment and notified Plaintiff that it had 14 days to object to the intended withdrawal. *See* Ex. 4 at 1–2; Ex. 5 at 2.   These letters also provided information regarding the case to the client, including

6

important upcoming dates and deadlines, information regarding the requirement for a corporate entity to be represented by an attorney, and contact information for opposing counsel. *Id.* Further, AMNET was given additional time and opportunities to make payments understanding that if no such payments were made the instant motion would be filed.  On May 11, 2024, we again advised AMNET that this motion would be filed if payments were not made.  No payments having been received, the Firm has been forced to file the instant motion.

As such, the Undersigned Counsel have fulfilled the requirement under California law to take "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client" when seeking withdrawal of counsel. *See* Cal. Rule of Professional Conduct 1.16(d).

**b. <u>Good cause exists to permit the Undersigned Counsel to withdraw as counsel.</u>**

There is good cause to permit the Undersigned Counsel to withdraw as counsel, as Plaintiff has repeatedly failed to pay the invoices for agreed-upon services provided by the Undersigned Counsel, has breached the Engagement Agreement, has made misrepresentations that it would pay its obligations, and has failed to honestly communicate with the Undersigned Counsel.

Courts have previously held that "[f]ailure to pay attorney's fees can be valid ground for withdrawal." *Inigo v. Express Movers, Inc.*, No. 318CV02844-BEN-LL, 2020 WL 8838166, *2 (S.D. Cal. June 24, 2020) (quoting *Leatt Corp. v. Innovative Safety Tech., LLC*, 2010 WL 444708, at *2 (S.D. Cal. Feb. 2, 2019)); *see also Canandaigua Wine Co. v.*

*Edwin Moldaeuer*, No. 102CV06559OWWDLB, 2009 WL 89141, *2 (E.D. Cal. Jan. 14, 2009). "The breach of an agreement to pay legal fees further justifies withdrawal of counsel." *Fabricant v. Fast Advance Funding, LLC*, No. 217CV05753-AB (JCx), 2018 WL 6927809, *2 (C.D. Cal. June 26, 2018) (citing Cal. Rules Prof. Conduct 3-700(C)(1)(f)).

In the present case, the Engagement Agreement included the agreed-upon terms of payment, including the specific rates for attorneys and support staff, and the methods by which Plaintiff could pay the invoices. *See* Ex. 1 at 1–2, 4. Plaintiff has failed to pay any of the twenty-two invoices issued to Plaintiff since February 6, 2023.[3] *See* Ex.2. Moreover, Plaintiff made false assurances that the invoices would be paid and failed to follow through with its promises. In particular, Plaintiff's President and CEO, Joseph Restivo, sent an email to Mitchell Sandler on June 20, 2023, promising to begin making payments. *See* Declaration of Ari Karen at ¶ 7. Again, on August 15, 2023, Mr. Restivo responded to an email attempting to collect the debt, promising to provide an update in the coming week.

---

[3] In particular, Plaintiff has failed to pay any of the following invoices which were sent to it: February 6, 2023 (Invoice #7151); February 24, 2023 (Invoice #7351); March 17, 2023 (Invoice #7717); April 10, 2023 (Invoice #8057); April 17, 2023 (Invoice #7826); May 19, 2023 (Invoice #8170); May 19, 2023 (Invoice #8334); June 19, 2023 (Invoice #8635); June 19, 2023 (Invoice #8657); July 25, 2023 (Invoice #9386); July 26, 2023 (Invoice #9484); August 16, 2023 (Invoice #9897); August 16, 2023 (Invoice #9982); September 8, 2023 (Invoice #10271); September 13, 2023 (Invoice #10373); October 6, 2023 (Invoice #10871); November 15, 2023 (Invoice #11323); December 18, 2023 (Invoice #11613); February 19, 2024 (Invoice #12416); March 21, 2024 (Invoice #12673); April 15, 2024 (Invoice #12970); May 21, 2024 (Invoice #13231)

8

*Id.* However, Mr. Restivo never provided an update or made any payments after he was sent the February 6, 2023, invoice. *Id.*

In sum, Plaintiff's non-payment of 22 invoices over the course of nearly a year-and-a-half, in conjunction with the clear terms of the engagement letter and Plaintiff's failure to honestly communicate with its attorneys establishes good cause sufficient to support withdrawal. *See Fabricant*, 2018 WL 6927809, at *2 (permitting withdrawal of counsel where the client's "nonpayment in conjunction with the other factors present (i.e., the engagement letter and poor communication) establishes good cause [] sufficient to support withdrawal") (citing *Point Ctr. Fin., Inc. v. HPC U.S. Fund 1, L.P.*, No. SACV1200367CJCANX, 2012 WL 12953462, *2 (C.D. Cal. Oct. 11, 2012) (granting counsel's motion to withdraw because the client failed to communicate, cooperate, and pay legal fees).

For these reasons, it is clear under California law that there is good cause to permit the Undersigned Counsel to withdraw as attorneys for Plaintiff.

c. **Withdrawal will not cause prejudice to the client or other litigants, nor any harm to the administration of justice or delay of the resolution of the case.**

Moreover, permitting the Undersigned Counsel to withdraw as counsel for Plaintiff will not cause prejudice to Plaintiff or the other litigants in this action. There are no pending hearing dates, and a trial date has not yet been scheduled in this matter. Moreover, this litigation is at a relatively early stage of discovery and the current discovery deadline is not until October 17, 2024. *See* ECF No. 61 at 1. Therefore, there is no danger of prejudice.

9

*See Inigo*, 2020 WL 8838166, at *2 (holding that "there is no danger of prejudice where a hearing date is not immediately set or where litigation is at a relatively nascent stage") (citing *Gurvey v. Legend Films, Inc.*, 2010 WL 2756944 (S.D. Cal. July 12, 2010)).

Nor is there any harm to the administration of justice or undue delay of the resolution of the case. The Undersigned Counsel sent their letters notifying Plaintiff of their intent to withdraw as counsel on February 28 and March 1 of 2024. *See* **Exhibits 4 and 5**. Moreover, a trial date has not yet been set and the Parties are still in the discovery phase. As such, Plaintiff has had more than 3 months to obtain new counsel[4] and it cannot be said that there was an undue delay under California law. *See Inigo*, 2020 WL 8838166, at *2 ("There is also no undue delay where the counsel takes 'reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client [and] allowing time for employment of other counsel[.]'") (quoting Cal. Rule of Prof. Conduct 3-700(A)(2)).

---

[4] Moreover, granting the Undersigned Counsel's withdrawal motion would not contravene Local Civil Rule 83.3(j) as it is well-established that "Rule 83.3(j) is not offended where the court orders an unrepresented corporate defendant to find substitute counsel, and gives the same adequate time to do so. *Inigo*, 2020 WL 8838166, at *2; *see also Indymac Fed. Bank, F.S.B. v. McComic*, No. 08CV1871IEGWVG, 2010 WL 2000013 (S.D. Cal. May 18, 2010) (granting counsel's motion to withdraw as defendants could no longer pay and were not prejudiced, but also directing defendants to secure substitute counsel within thirty days); *Light Salt Investments, LP v. Fisher*, 2013 WL 12121255 (S.D. Cal. Nov. 14, 2013) (granting motion to withdraw counsel, and setting deadline to secure substitute counsel, where counsel cited plaintiff limited partnership's refusal to participate in litigation and inability to pay fees as reasons for withdrawal).

3:24cv0970

As such, permitting the Undersigned Counsel to withdraw as counsel for Plaintiff in this case will not cause prejudice, harm to the administration of justice, or undue delay.

## V.   CONCLUSION

For these reasons, the Undersigned Counsel respectfully request that the Court grant the Motion to Withdraw as Counsel for Plaintiff and permit counsel to withdraw in this action.

Dated: June 24, 2024

MITCHELL SANDLER PLLC
/s/ Ari Karen
Ari Karen (Georgia Bar 407735)
Arielle Stephenson (California Bar 336434)
Sean Harding (Maryland Bar 1612130233)
Katharine Batista (Pennsylvania Bar 312366)
1120 20th Street NW, Suite 725
Washington, D.C. 20036
Telephone: (202) 886-5260
akaren@mitchellsandler.com
astephenson@mitchellsandler.com
sharding@mitchellsandler.com

SMITH, GAMBRELL & RUSSELL, LLP
/s/ S. Gardner Culpepper
S. Gardner Culpepper (Georgia Bar 201210)
1105 W. Peachtree Street NE, Suite 1000
Atlanta, GA 30309
Telephone: (404) 815-3500
gculpepper@sgrlaw.com

***Counsel for Plaintiff AMNET ESOP Corporation d/b/a American Mortgage Network***

11

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing was filed electronically using the Electronic Filing System of the United States District Court for the Southern District of California, on June 24, 2024.

On June 24, 2024, notice of this filing was sent to all counsel of record the Court's Electronic Filing System and to Plaintiff AmNet ESOP Corporation d/b/a American Mortgage Network via electronic mail.

MITCHELL SANDLER PLLC

*/s/ Ari Karen*
Ari Karen (Georgia Bar 407735)
Arielle Stephenson (California Bar 336434)
Sean Harding (Maryland Bar 1612130233)
Katharine Batista (Pennsylvania Bar 312366)
1120 20th Street NW, Suite 725
Washington, D.C. 20036
Telephone: (202) 886-5260
akaren@mitchellsandler.com
astephenson@mitchellsandler.com
sharding@mitchellsandler.com

12

3:24cv0970