# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMNET ESOP CORPORATION,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>CROSSCOUNTRY MORTGAGE, INC., et al.,<br><br>　　　　　　　Defendants. | Case No. 24-cv-0970-MMA-KSC<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>[Doc. No. 80] |

On January 10, 2023, Plaintiff AmNet ESOP Corporation ("Plaintiff") initiated this action in the United States District Court for the Northern District of Georgia against CrossCountry Mortgage, Inc. ("CrossCountry"), Spencer Thomas, and William Myers, asserting various claims pursuant to common law as well as federal and state statutes. Doc. No. 1. In April 2023, Plaintiff filed a First Amended Complaint, Doc. No. 29, and thereafter, Defendant Myers was dismissed from this action, Doc. No. 51. On May 31, 2024, the Northern District of Georgia district court granted Defendant Thomas' motion to transfer venue, Doc. No. 66, and the case was simultaneously transferred to this Court, Doc. No. 67.

On June 24, 2024, attorneys Arielle Stephenson, Ari Karen, and Sean Harding of Mitchell Sandler PLLC, Gardner Culpepper of Smith Gambrell & Russell, LLP, and Katharine Batista formerly of Mitchell Sandler PLLC—counsel of record for Plaintiff

(collectively, "Counsel")—filed a motion to withdraw. Doc. No. 80. Two days later, CrossCountry filed a response to the motion, indicating that while it did not oppose the request, it believed any order granting the motion to withdraw should be conditioned on tolling the deadline to raise discovery disputes.[1] Doc. No. 82.

According to the motion, Counsel duly served their motion on Plaintiff. Doc. No. 80-2 ("Karen Decl.") ¶ 10; *see also* Doc. No. 80-1 at 15. However, because the motion was not properly noticed, the Court issued a scheduling order, directing that any responses be filed on or before July 19, 2024, and permitting Counsel to file their reply, if any, by July 26, 2024. Doc. No. 84. The Court further directed Counsel to serve Plaintiff with a copy of the scheduling order and file proof of that service. *Id.* Two days later, Counsel filed proof of service of the scheduling order on Plaintiff. Doc. No. 85.

On July 19, 2024, Defendant Thomas filed a response to Counsel's motion, stating that he does not oppose, assuming Plaintiff obtains new counsel within a reasonable period of time. Doc. No. 87. To date, the Court has received no other responses to the motion.

An attorney may not withdraw as counsel of record except by leave of the court. *Darby v. City of Torrance*, 810 F. Supp. 275, 276 (C.D. Cal. 1992). The "decision to grant or deny counsel's motion to withdraw is committed to the discretion of the trial court." *Westhoff Vertriebsges mbH v. Berg*, No. 22-cv-0938-BAS-SBC, 2024 U.S. Dist. LEXIS 26130, at *3–4 (S.D. Cal. Feb. 14, 2024) (quoting *Garrett v. Ruiz*, No. 11-CV-2540-IEG WVG, 2013 U.S. Dist. LEXIS 8053, at *5 (S.D. Cal. Jan. 14, 2013)) (internal quotation marks omitted). In ruling on a motion to withdraw as counsel, courts evaluate the following: "(1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case."

---

[1] Magistrate Judge Karen S. Crawford issued an order addressing CrossCountry's concern and extending the discovery dispute deadline to ten (10) days after the Case Management Conference. Doc. No. 83.

*Westhoff*, 2024 U.S. Dist. LEXIS 26130, at *4 (quoting *Garrett*, 2013 U.S. Dist. LEXIS 8053, at *5).

As an initial matter, Counsel has complied with Civil Local Rule 83.3.f.3 by submitting a declaration reflecting service of their motion on both Defendants and Plaintiff. Doc. No. 80-2 ¶ 10. Turning to the merits, Counsel argues that good cause exists to permit withdrawal because Plaintiff has not paid any legal fees since early February 2023 and is currently more than $206,141.45 in arrears. Doc. No. 80-1 at 6; Karen Decl. ¶¶ 5–6; Karen Decl. Ex. 2. Counsel explains that they have made numerous attempts to resolve this issue with Plaintiff to no avail. Karen Decl. ¶ 7; Karen Decl. Exs. 2, 4–6.

California Rule of Professional Conduct 1.16 permits an attorney to withdraw from representation where "the client breaches a material term of an agreement with, or obligation[] to the lawyer relating to the representation, and the lawyer has given the client a reasonable warning after the breach that the lawyer will withdraw unless the client fulfills the agreement or performs the obligation[.]" Cal. R. Prof'l Conduct 1.16(b)(5). Here, Counsel explains that Plaintiff has failed to pay its legal fees for over one year in breach of the Engagement Agreement, Karen Decl. Ex. 1, and is now indebted over $200,000 to Counsel. Courts routinely recognize that the failure to pay attorney's fees can be a valid basis for permitting withdrawal. *See Westhoff*, 2024 U.S. Dist. LEXIS 26130, at *5 (collecting cases). Additionally, the Court finds that Counsel provided Plaintiff reasonable notice that they would seek to withdraw: Counsel sent Plaintiff letters on February 28, 2024, Karen Decl. Ex. 4, and March 1, 2024, Karen Decl. Ex. 5, notifying Plaintiff of their intent to withdraw based upon the breach. Counsel filed this motion nearly four (4) months later. As a result, the California Rules of Professional Conduct permit withdrawal under these circumstances.

Turning to the four factors identified above, the Court finds that Counsel has offered a legitimate reason to withdraw, and that withdrawal will not prejudice Defendants or negatively impact the administration of justice here. Additionally, because

this case is still in the early stages of discovery, and the Court is setting a reasonable window for Plaintiff to obtain new counsel, the delay here is not significant.  Therefore, the Court finds that the relevant factors weigh in favor of granting Counsel's motion.  For these reasons, the Court **GRANTS** Counsel's motion to withdraw as attorney of record for Plaintiff.  The Court **DIRECTS** the Clerk of Court to update the docket of this action accordingly.

Plaintiff, however, cannot proceed without counsel.  The Civil Local Rules provide that "[o]nly natural persons representing their individual interests in propria persona may appear in court without representation by an attorney . . . . All other parties, including corporations, partnerships and other legal entities, may appear in court only through an attorney permitted to practice pursuant to Civil Local Rule 83.3." CivLR 83.3.j.  Consequently, the Court **DIRECTS** Plaintiff to obtain representation and have its new counsel file a notice of appearance in this action as soon as practicable and in no event later than <u>**September 9, 2024**</u>.

<u>The Court cautions Plaintiff that the failure to comply with this Order and obtain new counsel may result in the termination of this action including dismissal or default judgment.</u>

The Court further **DIRECTS** the Clerk of Court to serve a copy of this Order on Plaintiff as reflected in the Proof of Service at Doc. No. 85:

> AmNet ESOP Corporation d/b/a American Mortgage Network
> c/o Joseph Restivo, President & CEO
> 347 3rd Avenue, 2nd Floor
> Chula Vista, CA 91910

**IT IS SO ORDERED**.

Dated:  August 9, 2024

HON. MICHAEL M. ANELLO
United States District Judge