Christopher J. Kelly (CSB#264183)
RIMON, P.C.
3579 4th Avenue
San Diego, CA 92103
Telephone: 609-299-1877
Email: christopher.kelly@rimonlaw.com

Tara L. Humma, (Admitted *Pro Hac Vice*)
RIMON P.C.
2929 Arch Street, Suite 1700
Philadelphia, PA 19104
Telephone: 215-914-3388
Email: tara.humma@rimonlaw.com

Attorneys for Defendant, Spencer Thomas

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMNET ESOP CORPORATION dba AMERICAN MORTGAGE NETWORK, <br><br> Plaintiff, <br><br> v. <br><br> CROSSCOUNTRY MORTGAGE, INC; AND SPENCER THOMAS, <br><br> Defendant. | Case No. 3:24-CV-00970-MMA-KSC <br><br> **DECLARATION OF TARA L. HUMMA IN SUPPORT OF DEFENDANT SPENCER THOMAS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM** <br><br> Date:     December 2, 2024 <br> Time:    2:30 p.m. <br> Courtroom:     3D <br> Judge:   Hon. Michael M, Anello <br><br> Amended Complaint Filed: April 21, 2023 <br> Trial Date: None Set |

I, Tara L. Humma, declare as follows:

1. I am an attorney admitted to practice in the State of New Jersey, the Commonwealth of Pennsylvania, the Federal District Court for the District of New Jersey and the Federal District Court for the Eastern District of Pennsylvania and I have been admitted to this Court pro hac vice. I am a Partner in the law firm of Rimon P.C., attorneys of record for Defendant, SPENCER THOMAS in this action. This declaration is submitted in support of Defendant Spencer Thomas' Motion For Leave To File Amended Answer And Counterclaim.

2. On September 12, 2024, counsel for the parties engaged in a Rule 26(f) conference wherein undersigned informed Plaintiff's new counsel, Mr. Galdston, that Mr. Thomas would be seeking to amend his Answer to the Amended Complaint to add a counterclaim against Plaintiff.

3. Plaintiff's counsel did not agree to stipulate that Mr. Thomas could amend his Answer to assert the counterclaim.

4. Counsel for CrossCountry has consented to the filing of the Amended Answer and Counterclaim by Mr. Thomas.

5. A true and correct copy of Mr. Thomas' proposed Amended Answer and Counterclaim is attached hereto as Exhibit A.

6. A true and correct copy of a redline document showing the substantive changes (not caption changes due to change in venue) between Defendant Spencer Thomas's Answer and Affirmative Defenses to Amended Complaint (Dkt No. 56) and the proposed Amended Answer and Counterclaim in the Amended Answer and Counterclaim is attached hereto as Exhibit B.

7. The foregoing is within my personal knowledge and if called as a witness I could testify competently thereto.

**DECLARATION OF TARA L. HUMMA IN SUPPORT OF DEF. SPENCER THOMAS' MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**

1

1    I declare under penalty of perjury under the laws of the United States that the

2    foregoing is true and correct and that this declaration was executed on October 31,

3    2024 at Wallingford, Pennsylvania.

4

5                                                    */s/ Tara. Humma*
                                                     Tara L. Humma
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT SPENCER THOMAS' MEMORANDUM OF LAW IN SUPPORT OF OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**

2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 31, 2024, a copy of the foregoing

**DECLARATION OF TARA L. HUMMA IN SUPPORT OF DEFENDANT**

**SPENCER THOMAS' MOTION FOR LEAVE TO FILE AMENDED**

**ANSWER AND COUNTERCLAIM with attached exhibits A and B** was

electronically filed with the Clerk of Court using the CM/ECF system, which will

automatically send notification of such filing to the counsel of record for the

respective parties, as noted in the CM/ECF system's electronic service list.

Dated: October 31, 2024

*/s/ Tara L. Humma*
Tara L. Humma

**DEFENDANT SPENCER THOMAS' MEMORANDUM OF LAW IN SUPPORT OF OF
MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**

3

# EXHIBIT A

1 | Christopher J. Kelly (CSB#264183)
2 | RIMON, P.C.
   | 3579 4th Avenue
3 | San Diego, CA 92103
   | Telephone: 609-299-1877
4 | Email: christopher.kelly@rimonlaw.com
5 |
6 | Tara L. Humma, (Admitted *Pro Hac Vice*)
   | RIMON P.C.
7 | 2929 Arch Street, Suite 1700
   | Philadelphia, PA 19104
8 | Telephone: 215-914-3388
9 | Email: tara.humma@rimonlaw.com
10 |
   | Attorneys for Defendant, Spencer Thomas
11 |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| AMNET ESOP CORPORATION dba AMERICAN MORTGAGE NETWORK, | Case No. 3:24-CV-00970-MMA-KSC |
|---|---|
| Plaintiff, | **DEFENDANT SPENCER THOMAS' AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIM** |
| v. | |
| CROSSCOUNTRY MORTGAGE, INC; AND SPENCER THOMAS, | Judge: The Hon. Michael M, Anello |
| Defendant. | Amended Complaint Filed: April 21, 2023 |
| | Trial Date: None Set |

Defendant SPENCER THOMAS ("Defendant" or "Thomas"), through undersigned counsel, hereby submits this Answer and Affirmative Defenses to the Amended Complaint ("Complaint") of Plaintiff AMNET ESOP CORPORATION d/b/a AMERICAN MORTGAGE NETWORK ("Plaintiff" or "AmNet"), and in support thereof, avers as follows:

Thomas has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise, or supplement this Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study. To the extent any of the allegations in the Amended Complaint are not specifically admitted, Thomas denies each and every such allegation.

Thomas provides no response to the headings used by Plaintiff in the Complaint, as they are not a part of the body of the Amended Complaint. To the extent any of Plaintiff's headings contain any allegations which require a response, Thomas denies any and all allegations contained in those headings.

## PRELIMINARY STATEMENT

The statements within these unnumbered paragraphs contain summarizations of Plaintiff's claims and allegations within the Complaint, to which no response is required. To the extent any allegations within the Complaint are incorporated into and made a part of Plaintiff's Preliminary Statement, Thomas answers them as set forth specifically below.

## PARTIES

1.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 1, and these allegations are therefore deemed denied.

2.      Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 2, and these allegations are therefore deemed denied.

3.      Thomas admits the allegations of paragraph 3.

4.      Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 4, and these allegations are therefore deemed denied.

## JURISDICTION AND VENUE

5.      The allegation in paragraph 5 calls for a legal conclusion for which a response is not required. To the extent the allegation of this paragraph is deemed factual, it is denied.

6.      The allegation in paragraph 6 calls for a legal conclusion for which a response is not required. To the extent the allegation of this paragraph is deemed factual, it is denied.

7.      Thomas admits that he is a resident of the State of Georgia. The remaining allegation in paragraph 7 that "this Court has personal jurisdiction over Thomas" calls for a legal conclusion for which a response is not required. To the extent the remaining allegation in this paragraph is deemed factual, it is denied.

8.      Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegation regarding CrossCountry's alleged "intentional contacts with the State of Georgia." The remaining allegation in paragraph 8 that "this Court has personal jurisdiction over CrossCountry" calls for a legal conclusion for which a response is not required. To the extent the remaining allegation of this paragraph is deemed factual, it is denied.

9.      Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegation regarding CrossCountry's alleged contacts "whereby CrossCountry intentionally engaged in tortious conduct aimed at the State of Georgia to benefit its operations and increase the volume of lending at its branches

located in Georgia." The remaining allegation in paragraph 9 that "CrossCountry has contacts arising from Plaintiff's causes of actions" calls for a legal conclusion for which a response is not required. Further, Thomas is without sufficient knowledge or information to form a belief about the truth of those allegations, which are therefore deemed denied.

10. The allegations in paragraph 10 are moot as Defendant William Myers ("Myers") has been dismissed as a defendant in this action.

11. The allegation in paragraph 11 calls for a legal conclusion for which a response is not required. Answering further, Thomas denies that this venue is appropriate because Plaintiff and Spencer entered into an Employment Agreement (Dkt. No. 29-1) which contains an express forum selection clause selecting the United States District Court of the Southern District of California as the exclusive federal forum in which to bring claims arising out of the Agreement, including those raised in the Amended Complaint.

## FACTS

12. Thomas admits the allegations in paragraph 12.

13. Thomas admits the allegations in paragraph 13.

14. Thomas admits the allegations in paragraph 14.

15. The allegation in paragraph 15 purports to characterize a document attached to the Complaint as an exhibit, the contents of which speak for themselves. To the extent the allegation of this paragraph is deemed factual, it is denied.

16. The allegation in paragraph 16 purports to characterize a document attached to the Complaint as an exhibit, the contents of which speak for themselves, and calls for a legal conclusion for which a response is not required. To the extent the allegation of this paragraph is deemed factual, it is denied.

17. The allegation in paragraph 17 purports to characterize a document attached to the Complaint as an exhibit, the contents of which speak for themselves,

and calls for a legal conclusion for which a response is not required. To the extent the allegation of this paragraph is deemed factual, it is denied.

18.    The allegations in paragraph 18 calls for a legal conclusion for which a response is not required. To the extent the allegations of this paragraph are deemed factual, they are denied.

19.    Thomas denies the allegations in paragraph 19 of the Complaint. Thomas further specifically denies that customer identifying information or financial information is proprietary information of Plaintiff.

20.    The allegation in paragraph 20 calls for a legal conclusion for which a response is not required. To the extent the allegation of this paragraph is deemed factual, it is denied.

21.    Thomas denies the allegation in paragraph 21 that he received any confidential borrower information from Plaintiff. Thomas is otherwise without sufficient knowledge or information to form a belief about the truth of Plaintiff's remaining allegations in paragraph 21.

22.    Thomas is without sufficient knowledge or information to form a belief about the expectations of Plaintiff's prospective customers. The remaining allegation in paragraph 22 calls for a legal conclusion for which a response is not required. To the extent the remaining allegation of this paragraph is deemed factual, it is denied.

23.    Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 23, and these allegations are therefore deemed denied.

24.    Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 24, and these allegations are therefore deemed denied.

25.    Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 25, and these allegations are therefore deemed denied.

26.     Thomas admits that he began to discuss the possibility of new employment with CrossCountry in or about June 2022. Thomas denies the remaining allegations in paragraph 26.

27.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 27, and these allegations are therefore deemed denied.

28.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 28, and these allegations are therefore deemed denied.

29.     Thomas denies the allegations in paragraph 29 of the Complaint.

30.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 30, and these allegations are therefore deemed denied.

31.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 31 of the Complaint and its subparagraphs that any borrower submitted a loan application to Plaintiff, was pre-approved for a loan with Plaintiff, and/or closed a loan with Plaintiff or with CrossCountry. These allegations are therefore deemed denied. Thomas additionally states as follows as to each subparagraph of paragraph 31:

       a.     The first sentence in subparagraph 31a purports to characterize an email dated August 18, 2022, the contents of which speak for themselves, and calls for a legal conclusion for which a response is not required. Thomas is without sufficient knowledge or information to form a belief as to the remainder of Plaintiff's allegations in subparagraph 31a. These allegations are therefore deemed denied.

       b.     Thomas is without present knowledge or information sufficient to form a belief as to the allegations in the first and third sentences of subparagraph 31b, and these allegations are therefore deemed denied. Thomas denies the allegations in the second sentence of subparagraph 31b.

c.      Thomas is without present knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in subparagraph 31c, and these allegations are therefore deemed denied.

d.      Thomas is without present knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in subparagraph 31d, and these allegations are therefore deemed denied.

e.      Thomas is without present knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in subparagraph 31e, and these allegations are therefore deemed denied.

f.      Thomas is without present knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in subparagraph 31f, and these allegations are therefore deemed denied.

32.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 32, and these allegations are therefore deemed denied.

33.     Thomas is without sufficient knowledge or information to form a belief about Plaintiff's allegations regarding Myers's alleged knowledge, and these allegations are therefore deemed denied. Thomas denies the remaining allegations in paragraph 33.

34.     Upon information and belief, Cari Lapinski and Amber Schuiteman were employees of CrossCountry at the time Thomas became employed at CrossCountry. Thomas denies the remaining allegations in paragraph 34.

35.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegation in paragraph 35, because Thomas does not know what time period Plaintiff considers to be "during this time." However, for the time period that he was employed by Plaintiff, Thomas denies the allegation in paragraph 35.

36.     Thomas denies the allegations in paragraph 36 of the Complaint.

37. The allegation in paragraph 37 purports to characterize the contents of CrossCountry's website, the contents of which speak for themselves. Thomas further denies that he is currently employed by CrossCountry.

38. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 38, and these allegations are therefore deemed denied.

39. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 39, and these allegations are therefore deemed denied.

40. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 40, and these allegations are therefore deemed denied.

41. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 41.

42. To the extent the allegations in paragraph 42 are comprised of the captions of actions in which CrossCountry was a named defendant, the contents of the pleadings and dockets in those actions speak for themselves. Thomas is otherwise without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 42, and these allegations are therefore deemed denied.

43. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 43, and these allegations are therefore deemed denied.

44. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 44, and these allegations are therefore deemed denied.

45. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 45, and these allegations are therefore deemed denied.

46. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 46, and these allegations are therefore deemed denied.

47. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 47, and these allegations are therefore deemed denied.

48. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 48, and these allegations are therefore deemed denied.

49. To the extent the allegation in paragraph 49 is comprised of the caption of an action in which CrossCountry was a named defendant, the contents of the pleadings and dockets in that action speak for themselves. Thomas is otherwise without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 49, and these allegations are therefore deemed denied.

50. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 50, and these allegations are therefore deemed denied.

51. To the extent the allegations in paragraph 51 are comprised of the captions of actions in which CrossCountry was a named defendant, the contents of the pleadings and dockets in those actions speak for themselves. Thomas is otherwise without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 51, and these allegations are therefore deemed denied.

52. To the extent the allegations in paragraph 52 are comprised of the caption of an action in which CrossCountry was a named defendant, the contents of the pleadings and dockets in that action speak for themselves. Thomas is otherwise without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 52, and these allegations are therefore deemed denied.

53. To the extent the allegations in paragraph 52 are comprised of the caption of an action in which CrossCountry was a named defendant, the contents of the pleadings and dockets in that action speak for themselves. Thomas is otherwise without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 53, and these allegations are therefore deemed denied.

54. The allegation in paragraph 54 purports to quote from a document in an unidentified action against CrossCountry, the contents of which speak for themselves. This allegation is therefore deemed denied.

55. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 55, and these allegations are therefore deemed denied.

56. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 56, and these allegations are therefore deemed denied.

57. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 57, and these allegations are therefore deemed denied.

58. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 58, and these allegations are therefore deemed denied.

59.     The allegations in this paragraph pertain to Plaintiff's claims under the Federal and Georgia RICO Acts, which were dismissed pursuant to the Court's Order of December 18, 2022, and therefore no response is required. To the extent a response is required, the allegations of this Paragraph are denied.

60.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 60, and these allegations are therefore deemed denied.

61.     To the extent the allegations in paragraph 61 are comprised of the caption of an action in which CrossCountry was a named defendant, the contents of the pleadings and dockets in that action speak for themselves. Thomas is otherwise without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 61, and these allegations are therefore deemed denied.

62.     Thomas denies the allegations in paragraph 62 of the Complaint.

63.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 63, and these allegations are therefore deemed denied.

64.     Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations about its own knowledge or Myers's alleged actions, and these allegations are therefore deemed denied. Thomas otherwise denies the remaining allegations in paragraph 64. Further, Thomas specifically denies that he unlawfully diverted any loans.

## <u>COUNT ONE – BREACH OF CONTRACT</u>
### (Against Defendant Thomas)

65.     Defendant incorporates by reference each of its responses to paragraphs 1 through 64, and each and every part thereof with the same force and effect as though fully set forth herein.

66. The allegation in paragraph 66 purports to characterize a document attached to the Complaint as an exhibit, the contents of which speak for themselves. The allegation in paragraph 66 calls for a legal conclusion, for which a response is not required. To the extent the allegations in this paragraph are deemed factual, they are denied.

67. The allegation in paragraph 66 purports to characterize a document attached to the Complaint as an exhibit, the contents of which speak for themselves. The allegation in paragraph 66 calls for a legal conclusion, for which a response is not required. To the extent the allegations in this paragraph are deemed factual, they are denied.

68. To the extent the allegation in paragraph 68 purports to characterize a document attached to the Complaint as an exhibit, the contents of that document speak for themselves. The allegation in paragraph 68 calls for a legal conclusion, for which a response is not required. Thomas otherwise denies the remainder of the allegation in paragraph 68. Further, Thomas specifically denies that he breached his confidentiality obligations or otherwise breached his employment agreement with Plaintiff.

69. The allegation in paragraph 69 calls for a legal conclusion, for which a response is not required. To the extent the allegations in this paragraph are deemed factual, they are denied. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

## <u>COUNT TWO – BREACH OF FIDUCIARY DUTY / DUTY OF LOYALTY</u>
### (Against Defendant Thomas)

70. Defendant incorporates by reference each of its responses to paragraphs 1 through 69, and each and every part thereof with the same force and effect as though fully set forth herein.

71.     The allegation in paragraph 71 calls for a legal conclusion, for which a response is not required. To the extent the allegation in this paragraph is deemed factual, it is denied.

72.     Count Two of the Complaint was dismissed against Thomas to the extent it is predicated on Plaintiff's allegation that Thomas solicited Plaintiff's employees to leave and to work for CrossCountry. [Dkt. 51.] Therefore, no response to paragraph 72 of the Complaint is required. Further, Thomas specifically denies that he solicited any AmNet employees or otherwise breached any duties he may have owed Plaintiff.

73.     The allegation in paragraph 73 calls for a legal conclusion, for which a response is not required. To the extent that allegation in this paragraph is deemed factual, it is denied. Thomas otherwise denies the allegation in paragraph 73. Further, Thomas specifically denies that he solicited any AmNet employees or otherwise breached any duties he may have owed Plaintiff.

74.     The allegation in paragraph 74 calls for a legal conclusion, for which a response is not required. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations about its alleged damages, and these allegations are therefore deemed denied. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

## COUNT THREE – AIDING AND ABETTING BREACH OF FIDUCIARY DUTY
### (Against Defendant CrossCountry)

75.     Defendant incorporates by reference each of its responses to paragraphs 1 through 74, and each and every part thereof with the same force and effect as though fully set forth herein.

76.     Count Three of the Complaint asserts a claim solely against CrossCountry, and therefore no response by Thomas to paragraph 76 is required. To the extent a response is required, Thomas denies the allegation in paragraph 76.

Further, Thomas specifically denies that he solicited any AmNet employees or otherwise breached any duties he may have owed Plaintiff.

77. Count Three of the Complaint asserts a claim solely against CrossCountry, and therefore no response by Thomas to paragraph 77 is required. To the extent a response is required, Thomas denies the allegation in paragraph 77. Further, Thomas specifically denies that he solicited any AmNet employees or otherwise breached any duties he may have owed Plaintiff.

78. Count Three of the Complaint asserts a claim solely against CrossCountry, and therefore no response by Thomas to paragraph 78 is required. To the extent a response is required, Thomas denies the allegation in paragraph 78. Further, Thomas specifically denies that he solicited any AmNet employees or otherwise breached any duties he may have owed Plaintiff.

79. Count Three of the Complaint asserts a claim solely against CrossCountry, and therefore no response by Thomas to paragraph 78 is required. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations about its alleged damages and injury. To the extent a response is required, Thomas denies the allegation in paragraph 78. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

## COUNT FOUR – VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)
### (Against Defendants Thomas and CrossCountry)

80. Defendant incorporates by reference each of its responses to paragraphs 1 through 79, and each and every part thereof with the same force and effect as though fully set forth herein.

81. Thomas denies the allegations in paragraph 81. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

82. Thomas denies the allegations in paragraph 82. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

83. Thomas admits that he maintained his active licensure information with Plaintiff while transacting business for Plaintiff. Thomas otherwise denies the remaining allegations in paragraph 83. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

84. The allegation in paragraph 84 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegations in paragraph 84. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

85. Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 85 about CrossCountry's alleged knowledge and/or actions, and these allegations are therefore deemed denied. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

86. Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 86 about the alleged actions of CrossCountry employees during his employment with Plaintiff, and these allegations are therefore deemed denied. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

87. Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 87 about the alleged actions of CrossCountry employees during his employment with Plaintiff, and these allegations are therefore deemed denied.

88. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 88, because Plaintiff's allegation is vague and ambiguous as to time, and these allegations are therefore deemed denied.

1  Answering further, Thomas avers that for the time period Thomas was employed by
2  Plaintiff, Thomas's communications with certain customers and at times contained
3  Plaintiff's licensing information. Thomas otherwise denies the allegations in
4  paragraph 88. Further, Thomas specifically denies that he misrepresented to
5  customers which mortgage lender they were applying with.

6      89.    Thomas is without sufficient knowledge or information to form a belief
7  about the truth of Plaintiff's allegations in paragraph 88, because Plaintiff's allegation
8  is vague and ambiguous as to time, and these allegations are therefore deemed denied.
9  Answering further, Thomas avers that for the time period Thomas was employed by
10 Plaintiff, Thomas's communications with certain customers and at times contained
11 Plaintiff's licensing information. Thomas otherwise denies the allegations in
12 paragraph 88. Further, Thomas specifically denies that he misrepresented to
13 customers which mortgage lender they were applying with.

14     90.    Thomas denies the allegations in paragraph 90. Further, Thomas
15 specifically denies that he misrepresented to customers which mortgage lender they
16 were applying with.

17     91.    Thomas denies the allegations in paragraph 91. Further, Thomas
18 specifically denies that he misappropriated any of AmNet's trade secrets or that
19 customer identifying information or financial information is proprietary information
20 of AmNet.

21     92.    The allegation in paragraph 92 calls for a legal conclusion, for which a
22 response is not required. Thomas is otherwise without sufficient knowledge or
23 information to form a belief as to the truth of Plaintiff's allegations in paragraph 92
24 about its alleged damages. To the extent a response is required, Thomas denies the
25 allegations in paragraph 92. Further, Thomas specifically denies that Plaintiff has
26 suffered any damages or is entitled to any relief or remedy.

27     93.    The allegation in paragraph 93 calls for a legal conclusion, for which a
28 response is not required. Thomas is otherwise without sufficient knowledge or

information to form a belief as to the truth of Plaintiff's allegations in paragraph 93 about its alleged harm. To the extent a response is required, Thomas denies the allegations in paragraph 93. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

94.     The allegation in paragraph 94 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegation in paragraph 94. Further, Thomas specifically denies that he engaged in unfair competition.

95.     The allegation in paragraph 95 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegation in paragraph 95. Further, Thomas specifically denies that he has violated the Lanham Act.

## COUNT FIVE – TORTIOUS INTERFERENCE WITH CURRENT CONTRACTUAL AND PROSPECTIVE ECONOMIC RELATIONS[1]
### (Against Defendants Thomas and CrossCountry)

96.     Thomas incorporates by reference each of its responses to paragraphs 1 through 95, and each and every part thereof with the same force and effect as though fully set forth herein.

97.     Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 97, and these allegations are therefore deemed denied.

98.     Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 98 about CrossCountry's

---

[1] The Court permitted Count Five to proceed "only to the extent Plaintiff's allegations are not premised on the alleged misappropriation of AmNet's trade secrets or other proprietary information under the GTSA." [Dkt. 51 – Order on Motion to Dismiss, p. 54.] Accordingly, Thomas's responses to paragraphs 96-104 are made in accordance with the Court's Order and only as to those allegations which were permitted to proceed.

purported awareness, and these allegations are therefore deemed denied. Thomas otherwise denies the remaining allegations in paragraph 98.

99. Thomas denies the allegations in paragraph 99. Thomas further specifically denies that he unlawfully diverted any loans.

100. Thomas denies the allegations in paragraph 100.

101. Thomas denies the allegations in paragraph 101.

102. Thomas denies the allegations in paragraph 102. Further, Thomas specifically denies that he unlawfully diverted any loans.

103. Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 103, and these allegations are therefore deemed denied.

104. The allegation in paragraph 104 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegation in paragraph 104. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 104, and these allegations are therefore deemed denied. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

## COUNT SIX – UNFAIR COMPETITION[2]
(Against Defendants Thomas and CrossCountry)

105. Thomas incorporates by reference each of its responses to paragraphs 1 through 104, and each and every part thereof with the same force and effect as though fully set forth herein.

---

[2] The Court permitted Count Six to proceed "only to the extent Plaintiff's allegations are not premised on the alleged misappropriation of AmNet's trade secrets or other proprietary information under the GTSA." [Dkt. 51 – Order on Motion to Dismiss, p. 54.] Accordingly, Thomas's responses to paragraphs 96-104 are made in accordance with the Court's Order and only as to those allegations which were permitted to proceed.

1  106. Thomas denies the allegations in paragraph 106. Further, Thoms

2  specifically denies that he solicited AmNet employees or that he otherwise engaged

3  in unfair competition.

4  107. The allegation in paragraph 107 calls for a legal conclusion, for which a

5  response is not required. To the extent a response is required, Thomas denies the

6  allegations in paragraph 107. Further, Thomas specifically denies that he solicited

7  AmNet employees or that he otherwise engaged in unfair competition.

8  108. Thomas is without sufficient knowledge or information to form a belief

9  as to the truth of Plaintiff's allegations in paragraph 108, and these allegations are

10  therefore deemed denied.

11  109. The allegations in paragraph 109 call for a legal conclusion, for which a

12  response is not required. To the extent a response is required, Thomas denies the

13  allegations in paragraph 109. Thomas is otherwise without sufficient knowledge or

14  information to form a belief as to the truth of Plaintiff's allegations in paragraph 109,

15  and these allegations are therefore deemed denied. Further, Thomas specifically

16  denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

### COUNT SEVEN – MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF GEORGIA UNIFORM TRADE SECRETS ACT
(Against All Defendants)

19  110. Thomas incorporates by reference each of its responses to paragraphs 1

20  through 109, and each and every part thereof with the same force and effect as though

21  fully set forth herein.

22  111. Thomas denies the allegation in the first sentence of paragraph 111. The

23  remaining allegations in paragraph 111 call for a legal conclusion, for which a

24  response is not required. To the extent a response is required, Thomas denies the

25  remaining allegations in paragraph 111.

26  112. Thomas denies the allegations in paragraph 112.

27

28

1 113. Thomas denies the allegations in paragraph 113. Further, Thomas specifically denies that he misappropriated any confidential or proprietary information of AmNet.

114. The allegations in paragraph 114 call for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegations in paragraph 114. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation in paragraph 114, and these allegations are therefore deemed denied. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

115. The allegation in paragraph 115 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegations in paragraph 115. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation in paragraph 115, and these allegations are therefore deemed denied. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

**COUNT EIGHT – VIOLATION OF THE**
**DEFEND TRADE SECRETS ACT, 18 U.S.C. 1836, ET SEQ.**
(Against Defendants Thomas and CrossCountry)

116. Thomas incorporates by reference each of its responses to paragraphs 1 through 115, and each and every part thereof with the same force and effect as though fully set forth herein.

117. The allegation in paragraph 117 purports to characterize and quote the Defend Trade Secrets Act ("DTSA"), the contents of which speak for themselves. To the extent a response is required, Thomas denies the allegation in paragraph 117.

118. Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation in paragraph 118, and this allegation is therefore deemed denied.

119.   The allegation in paragraph 119 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegation in paragraph 119.

120.   Thomas denies the allegations in paragraph 120. Further, Thomas specifically denies that customer identifying information or financial information is proprietary information of AmNet.

121.   Thomas denies the allegations in paragraph 121. Further, Thomas specifically denies that he misappropriated any trade secrets of AmNet.

122.   Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation in paragraph 122. Further, Thomas specifically denies that he misappropriated any trade secrets of AmNet.

123.   The allegation in paragraph 123 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegation in paragraph 123. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation in paragraph 123, and this allegation is therefore deemed denied. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

124.   The allegation in paragraph 124 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegation in paragraph 124. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation in paragraph 124, and this allegation is therefore deemed denied. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

### COUNT NINE – CIVIL RICO
(Against Defendants CrossCountry and Myers)

125.   Thomas incorporates by reference each of its responses to paragraphs 1 through 124, and each and every part thereof with the same force and effect as though fully set forth herein.

126. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 126 is required.

127. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 127 is required.

128. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 128 is required.

129. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 129 is required.

130. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 130 is required.

131. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 131 is required.

132. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 132 is required.

133. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 133 is required.

134. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 134 is required.

135.    Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 135 is required.

136.    Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 136 is required.

## COUNT TEN – CONSPIRACY

### (Against All Defendants)

137.    Thomas incorporates by reference each of its responses to paragraphs 1 through 136, and each and every part thereof with the same force and effect as though fully set forth herein.

138.    Count Ten of the Complaint was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 138 is required.

139.    Count Ten of the Complaint was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 139 is required.

## COUNT ELEVEN – CONSPIRACY TO VIOLATE RICO

### (Against All Defendants)

140.    Thomas incorporates by reference each of its responses to paragraphs 1 through 139, and each and every part thereof with the same force and effect as though fully set forth herein.

141.    Count Eleven of the Complaint was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 141 is required.

142.    Count Eleven of the Complaint was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 142 is required.

143.    Count Eleven of the Complaint was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 143 is required.

## COUNT TWELVE – GEORGIA CIVIL RICO
### (Against Defendants CrossCountry and Myers)

144. Thomas incorporates by reference each of its responses to paragraphs 1 through 143, and each and every part thereof with the same force and effect as though fully set forth herein.

145. Count Twelve of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 145 is required.

146. Count Twelve of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 146 is required.

147. Count Twelve of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 147 is required.

148. Count Twelve of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 148 is required.

149. Count Twelve of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 149 is required.

150. Count Twelve of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 150 is required.

151. Count Twelve of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 151 is required.

## PLAINTIFF'S PRAYER FOR RELIEF

Thomas denies any and all allegations in Paragraphs 1-151 of the Complaint to

the extent that any allegations are not expressly admitted above. Thomas denies the paragraphs and subparagraphs within Plaintiff's Prayer for Relief, and further denies that Plaintiff is entitled to any of the relief prayed for or to any other relief whatsoever.

<u>**SEPARATE AND AFFIRMATIVE DEFENSES**</u>

Thomas sets forth below his separate and affirmative defenses. By setting forth his separate and affirmative defenses below, Thomas does not assume the burden of proving any facts, issues, or elements of a claim where such burden properly belongs to Plaintiff. For its separate and affirmative defenses, Thomas alleges, upon information and belief, the following:

1.      Plaintiff's Complaint, and/or each purported cause of action therein, fails to allege facts sufficient to state a claim upon which relief can be granted against Defendant.

2.      Plaintiff, by its acts and omissions, has waived and is estopped and barred from alleging the matters set forth in the Complaint.

3.      Plaintiff's claims against Thomas are barred from any relief by the doctrine of laches.

4.      Plaintiff's claims against Thomas are barred from any relief by the doctrine of unclean hands.

5.      Plaintiff's claims against Thomas are barred from any relief by the doctrine of equitable estoppel.

6.      Plaintiff's claims against Thomas are barred from any relief based on Plaintiff's lack of standing.

7.      Plaintiff's claims against Thomas are barred to the extent Plaintiff consented to any of the activities and/or conduct alleged therein.

8.      Plaintiff's claims against Thomas are barred because Plaintiff failed to join necessary parties without whom this action cannot proceed, including without limitation the employees Plaintiff alleges Thomas purportedly solicited.

9.      Plaintiff's claims against Thomas are barred because Plaintiff's alleged damages and/or penalties are vague, ambiguous, unreasonable, uncertain, and/or speculative in nature.

10.     Plaintiff's claims against Thomas are barred, in whole or in part, on the ground that, on information and belief, AmNet was and is engaged in an illegal referral and/or kickback scheme with ADPI, in violation of the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2607, and its implementing regulations. Accordingly, all of the profits that AmNet claims it lost as a result of any alleged conduct by Thomas would have constituted illegal, ill-gotten gains by AmNet, which AmNet is not entitled to recover.

11.     Plaintiff's claims against Thomas are barred because Thomas at all times lacked the requisite knowledge and/or intent to sustain those claims.

12.     Plaintiff's claims against Thomas relating to alleged breach of the Agreement are barred because the Agreement's terms, including the restrictive employment covenants, are unconscionable under California law, including California Business and Professions Code Section 16600 et seq., which governs the Agreement's terms, and should not be enforced.

13.     Plaintiff's claims against Thomas relating to the alleged breach of the Agreement are barred because the Agreement's terms, including the restrictive employment covenants, are illegal and void under California law, including California Business and Professions Code Section 16600 et seq., which governs the Agreement's terms.

14.     Plaintiff's claims against Thomas relating to the alleged breach of the Agreement are barred because the Agreement was lawfully terminated and any post-termination restrictive covenants are unenforceable under California law, including California Business and Professions Code Section 16600 et seq., which governs the Agreement's terms.

15. Plaintiff's claims against Thomas relating to the alleged breach of the Agreement are barred because Thomas at all times acted reasonably and in good faith in performing any obligations under the appropriate terms and conditions of the Agreement.

16. Plaintiff's claims against Thomas relating to the alleged breach of the Agreement are barred because, upon information and belief, Plaintiff breached the Agreement, thereby excusing Thomas's performance.

17. Plaintiff's claims against Thomas relating to the alleged breach of fiduciary duty are barred to the extent they are duplicative of Plaintiff's breach of contract claim.

18. Plaintiff's claims against Thomas relating to the alleged breach of fiduciary duty are barred to the extent Thomas did not owe Plaintiff a fiduciary duty or duty of loyalty.

19. Plaintiff's claims against Thomas relating to the alleged violation of the Lanham Act are barred because Thomas did not make any false or misleading statements of fact, did not deceive or cause others to be deceived by his statements in any material way or otherwise, and/or did not cause competitive or commercial injury to Plaintiff.

20. Plaintiff's claims against Thomas relating to his alleged tortious interference with current contractual and/or prospective economic relations are barred, in whole or in part, because none of the borrowers Plaintiff alleges were diverted to CrossCountry would have closed a mortgage loan with Plaintiff, regardless of Thomas's alleged actions.

21. Plaintiff's claims against Thomas relating to his alleged tortious interference with current contractual and/or prospective economic relations are barred, in whole or in part, because the borrowers Plaintiff alleges were diverted to CrossCountry would have chosen to follow Thomas to CrossCountry regardless of Thomas's alleged actions.

22.     Plaintiff's claims against Thomas relating to his alleged tortious interference with current contractual and/or prospective economic relations are barred, in whole or in part, because the borrowers Plaintiff alleges were diverted to CrossCountry were the result of leads belonging to Thomas, which were used with Plaintiff's knowledge, consent, and approval.

23.     Plaintiff's claims against Thomas relating to his alleged unfair competition are barred, in whole or in part, because Thomas did not engage in unfair, deceptive, or fraudulent practices.

24.     Plaintiff's claims against Thomas relating to alleged trade secrets are barred on the grounds that the information on which Plaintiff bases its claims do not constitute trade secrets.

25.     Plaintiff's claims against Thomas relating to alleged misappropriation of confidential information are barred on the grounds that the information on which Plaintiff bases its claims are publicly available.

26.     Plaintiff's common law claims against Thomas relating to alleged misappropriation of confidential information are preempted by the California Uniform Trade Secrets Act ("CUTSA"), regardless of whether that information constitutes a trade secret under California law.

27.     Plaintiff's claims against Thomas relating to alleged misappropriation of trade secrets and/or confidential information are barred on the grounds that, upon information and belief, Plaintiff did not exercise reasonable or sufficient efforts to maintain the secrecy of any alleged trade secret or confidential information.

28.     Plaintiff's claims against Thomas are barred from recovery because Plaintiff failed to exercise reasonable and reasonable and ordinary care, caution, or prudence, and that the alleged injuries and damages, if any, were proximately caused and/or contributed to by Plaintiff's own negligence and/or intentional conduct. Therefore, any recovery to which Plaintiff might otherwise be entitled must be

reduced by reason of Plaintiff's contributory or comparative negligence and/or intentional conduct.

29.     Plaintiff's claims against Thomas are barred from recovery because Plaintiff failed to take reasonable affirmative action to mitigate its damages as they are alleged in the Complaint and, therefore, are barred from any recovery against Thomas to the extent Plaintiff failed to mitigate its damages.

30.     Plaintiff's claims against Thomas are barred from recovery because any damages incurred by Plaintiff, if any, were directly and proximately caused and contributed to by the acts, conduct, and/or omissions of Plaintiff, third parties, or other entities.

31.     Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages against Thomas, is barred on the grounds that Thomas's actions were not fraudulent, malicious, oppressive, wanton, or reckless, and on the grounds that Thomas acted in good faith.

32.     Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates Thomas's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and Article I, Section 7 of the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

33.     Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates Thomas's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17 of the Constitution of the State of California, and violates Thomas's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

34.     Thomas presently has insufficient knowledge and/or information with which to form a belief as to whether it may have additional as yet unstated affirmative

defenses. Thomas, therefore, reserves its right to seek leave of Court to amend its Answer to add additional affirmative defenses.

## **PRAYER**

WHEREFORE, Defendant requests judgment as follows:

1. That Plaintiff take nothing by reason of its Complaint;

2. That the Complaint be dismissed in its entirety with prejudice, and judgment be entered in favor of Thomas and against Plaintiff;

3. That Defendant recover its attorney's fees and costs of suit pursuant to Fed. R. Civ. P. Rule 11, Cal. Bus. & Prof. Code section 16600.5, 28 U.S.C. section 1927, California Code of Civil Procedure section 1717, and the court's inherent power to award sanctions; and

4. That the Court award Defendant such other and/or further relief as the Court deems just and proper.

## **SPENCER THOMAS'S COUNTERCLAIMS**

1. This claim arises out of Plaintiff/Cross-Defendant AmNet ESOP Corporation ("AmNet")'s attempt to enforce unlawful and void noncompete provisions contained in its employment agreement with Defendant/Cross-Complainant Spencer Thomas's ("Thomas").

2. This controversy is set against the backdrop of 150 years of California jurisprudence prohibiting contracts by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind and recent amendments to California law regarding same.

3. California has consistently and vigorously fostered protecting the right of individuals to pursue engagement in the profession, business, or trade of their choice. "[I]n 1872 California settled public policy in favor of open competition[.]" *Edwards v. Arthur Andersen LLP*, (2008) 44 Cal.4th 937, 945. California Business and Professions Code Section 16600 provides: "Except as provided in this chapter,

every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

4.      Section 16600 protects "the important legal right of persons to engage in businesses and occupations of their choosing." *Morlife, Inc. v. Perry*, (1997) 56 Cal. App. 4th 1514, 1520 . Historically, any restraint on that ability is per se unlawful and void.

5.      Amendments to California Business and Professions Code Section 16600 *et seq*. went into effect on January 1, 2024.

6.      Those amendments, in part, set forth that the prohibition on non-competes "should be read broadly, in accordance with *Edwards v. Arthur Andersen LLP*, (2008) 44 Cal.4th. 937, to avoid the application of any noncompete agreement in an employment context, or any noncompete clause in an employment contract, no matter how narrowly tailored, that does not satisfy an exception in this chapter." California Business and Professions Code Section 16600(b)(1).

7.      California Business and Professions Code Section 16600.1, effective January 1, 2024, states, in relevant part:

> (a) It shall be unlawful to include a noncompete clause in an employment contract, or to require an employee to enter a noncompete agreement, that does not satisfy an exception in this chapter.

> (b)(1) For current employees, and for former employees who were employed after January 1, 2022, whose contracts include a noncompete clause, or who were required to enter a noncompete agreement, that does not satisfy an exception to this chapter, the employer shall, by February 14, 2024, notify the employee that the noncompete clause or noncompete agreement is void.

> California Business and Professions Code Section 16600.1

8.      In addition, the legislature added California Business and Professions Code Section 16600.5 which states the following, in relevant part:

> (a) Any contract that is void under this chapter is unenforceable regardless of where and when the contract was signed.
> (b) An employer or former employer shall not attempt to enforce a contract that is void under this chapter regardless of whether the contract

was signed and the employment was maintained outside of California.

(c) An employer shall not enter into a contract with an employee or prospective employee that includes a provision that is void under this chapter.

(d) An employer that enters into a contract that is void under this chapter or attempts to enforce a contract that is void under this chapter commits a civil violation.
…

California Business and Professions Code Section 16600.5.

9.      As a California employer, AmNet is bound to follow California law with regard to contracts it enters into with its employees regardless of where the employee works or resides, or where the agreement was signed, yet it has entered into agreements that seek to restrain individuals from engaging in a lawful profession, trade or business, has continued to attempt to enforce these agreements after Business and Professions Code Section 16600.5 made clear that they were unlawful and has failed to send notice to Thomas that the provisions are invalid in accordance with California Business and Professions Code Section 16600.1.

10.     In this action, Plaintiff seeks relief in the form of a judgment proclaiming that California law governs the enforceability of those provisions, that the provisions in question are void and unenforceable under California Business and Professions Code Section 16600 *et seq*. and awarding damages and attorneys' fees to Thomas based on the improper attempt to enforce the unlawful provisions by AmNet.

## PARTIES AND STATEMENT OF JURSDICTION

11.     Thomas is a resident of the state of Georgia, who was formerly employed by AmNet.

12.     Upon information and belief, AmNet is a licensed mortgage lender incorporated under the laws of the State of Delaware, with its headquarters and principal place of business located at 347 3rd Avenue, Chula Vista, California 91910.

13.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and because there is complete

diversity of citizenship between AmNet and Thomas. In addition, the Court has supplemental jurisdiction over Thomas's state law claim under 28 U.S.C. § 1367.

14.     Thomas filed a Motion to Transfer Venue to the United States District Court for the Southern District of California ("SDC"), based on Amnet's violation of the forum selection provision in his Employment Agreement with AmNet [Dkt 55] which was granted on May 31, 2024. [Dkt 66].

## FACTS

15.     From in or about August 2019, to in or about August 2022, and at all times relevant herein, AmNet was Thomas' employer. [Dkt 29, paragraphs 12, 29].

16.     AmNet and Thomas were parties to an employment agreement during the course of Thomas' employment with AmNet ("Employment Agreement"). [Dkt 29, paragraph 13-14, Dkt 29-1].

17.     AmNet's Amended Complaint in this action asserted claims against Thomas for violating certain provisions contained in the Employment Agreement.

18.     The Employment Agreement states:

      10. <u>Confidentiality</u>.

      (a) The Employee may now, and in the future, have access to, and may be given information with respect to, (1) the special business techniques, concepts, designs, ideas, inventions, forms, software programs, and other intangible work product; (2) the tangible deliverables, patents, copyrights, trade secrets, other intellectual property, systems, know-how, and financial, accounting, and production policies, procedures, records, and infrastructure; (3) the lists of customers; and (4) all other information regarding the business of the Company and its members, employees, agents, subsidiaries, or affiliates (collectively, the "Protected Party") (the "Confidential Information"), which is not generally known to the public and gives the Protected Party an advantage over its respective competitors who do not know or use the Confidential Information. The Employee acknowledges that all such Confidential Information as it now, or in the future, exists:

        (i) Belongs to the Company and its shareholders,

subsidiaries, and affiliates;

    (ii) Constitutes specialized and highly confidential information not generally known in the industry; and

    (iii) Constitutes a valuable asset of the Company.

Accordingly, the Employee recognizes and acknowledges that it is essential to the Company to protect the confidentiality of such Confidential Information.

(b) The Employee agrees to act as a trustee of such Confidential Information and of any other confidential information he or she acquires in connection with his or her association with the Company. Furthermore, as an inducement to the Company to retain him or her as an employee, he or she will hold all such Confidential Information in trust and confidence for the sole use and benefit of the Company.

(c) The Employee agrees to refrain from divulging or disclosing any Confidential Information to others and from using such Confidential Information, except for the benefit of the Company as contemplated hereunder. The Employee further agrees to refrain from taking any other actions that would tend to destroy or reduce the value of the Confidential Information to the Protected Party.

(d) Upon the last day of the Employee's employment, or at any time requested by the Company, the Employee shall deliver, or cause to be delivered, to the Company all documents and data of any nature pertaining to his or her work with the Company. The Employee shall not take any documents or data of any description or any reproduction of any description containing or pertaining to any Confidential Information.

(e) The confidentiality provisions of this Section 10 are intended to supplement and not supersede the applicable provisions of the Uniform Trade Secrets Act, to the fullest extent applicable.

(f) During the term hereof, and thereafter, the Employee shall not disclose such Confidential Information to any person, firm,

association, or other entity for any reason or purpose whatsoever, unless such information has already become common knowledge or unless the Employee is required to disclose it by judicial process. The Employee shall notify the Company in writing of such judicial process prior to disclosure, and allow the Company a reasonable opportunity to defend and protect its rights therein.

(g) Notwithstanding the foregoing, nothing in this Section 10 shall prohibit the use or disclosure of Confidential Information as required by law or the order of a court or governmental agency. Moreover, nothing in this Section 10 prohibits the disclosure of Confidential Information or trade secrets made: (1) in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney solely for the purpose of reporting or investigating a suspected violation of law; or (2) in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. Finally, if the Employee files a lawsuit against the Company for retaliation for reporting a suspected violation of law, nothing in this Section 10 prohibits the Employee from disclosing Confidential Information or trade secrets to the Employee's attorney or from using the Confidential Information or trade secret information in the court proceeding, if the Employee files any document containing the Confidential Information or trade secret under seal and does not disclose the trade secret, except pursuant to court order.

Dkt 29-1, paragraph 10.

19. The Employment Agreement also includes the following:

13. <u>Non-Interference and Non-Solicitation of Employees and/or Agents.</u> The Employee acknowledges that the Company incurs significant expense in recruiting and training its employees [and agents]. During the Te1m of this Agreement and for a period of one (1) year following the last day on which the Employee provides services to the Company, the Employee shall not solicit, hire, or attempt to hire, or induce or attempt to induce to leave the Company, any person who was employed or engaged by the Company (whether as an employee, independent contractor, or

otherwise) during the six (6) month period preceding the last day on which the Employee provided services to the Company for the purposes of such person leaving the Company to work with another mortgage company within 50 miles of any city where the Company does business.

20.    AmNet alleges in its Amended Complaint that Thomas breached the confidentiality provisions in the Employment Agreement and previously alleged, prior to dismissal of the claim, that Thomas improperly solicited AmNet employees as well. Dkt 29.

### FIRST CAUSE OF ACTION
### VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE 16600 ET SEQ.

21.    Thomas hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth herein at length.

22.    The provisions of the Employment Agreement referenced above which AmNet seeks or sought to enforce constitute grossly overbroad and void provisions that operate as de facto noncompetition provisions.

23.    The definition of "Confidential Information" is extremely overbroad and has the effect of restraining Thomas from engaging in a lawful profession, trade or business.

24.    AmNet seeks to deprive Thomas of his right to work for any other employer in the industry in which he has acquired exceptional experience and expertise.

25.    Enforcing, threatening to enforce, and attempting to enforce the noncompetition provisions and refusing to recognize the application of California law constitute an unlawful restriction on Thomas in the exercise of his livelihood.

26.    AmNet's conduct unlawfully restrains employees, including Thomas, from accepting employment elsewhere and unlawfully seeks to chill other employers from recruiting the best talent without threat of litigation.

27. AmNet's conduct is in violation of California Business and Professions Code Section 16600 *et seq*. including the amendments to same that became effective on January 1, 2024.

28. California Business and Professions Code Section 16600.1 required that AmNet notify its employees that the unlawful provisions of their agreements were void on or before February 14, 2024.

29. AmNet did not send the required notice to Thomas.

30. AmNet continues to attempt to enforce certain unlawful provisions of the Employment Agreement despite the language of the recent amendments making clear that it is unlawful for AmNet to do so and only stopped seeking to enforce other unlawful provisions of the Employment Agreement because they were dismissed by the Northern District of Georgia.

31. Upon information and belief, AmNet is using its unlawful non-compete provisions with its employees to attempt to intimidate its employees and former employees, including Thomas, and deter them from seeking employment at any competitor in violation of the fundamental public policy reflected in California law preventing restrictions on the free movement of labor and employees' right to work where they choose as well as to intimidate its competitors from hiring its former employees.

32. Thomas contends that the veiled non-competition provisions in the Employment Agreement as referenced above are restraints of substantial character and, regardless of what form they are presented, constitute unlawful restraints on trade in violation of California Business & Professions Code Section 16600 *et seq*. and California's long recognized and fundamental public policy against such provisions. *See Edwards v. Arthur Andersen LLP*, (2008) 44 Cal.4th 937, 945-46.

33. The inclusion of the unlawful provisions invalidates the Employment Agreement in its entirety.

34. The non-competition provisions are void and unenforceable.

## **PRAYER FOR RELIEF ON THOMAS' COUNTERCLAIM**

WHEREFORE, Thomas prays for judgment against AmNet as follows:

1.     For a declaration from this Court that California Business and Professions Code 16600 *et seq*. applies to the noncompetition provisions at issue here and that California law governs their enforceability;

2.     For a declaration that the unlawful noncompetition provisions, including the provisions purportedly protecting confidential information and trade secrets, including, but not limited to, the referenced provisions of the Employment Agreement above in this Counterclaim are void and invalid under California Business and Professions Code Section 16600 *et seq*.;

3.     For costs of suit incurred herein, including reasonable attorneys' fees where authorized by contract, statute or other law, including but not limited to, California Business and Professions Code Section 16600 *et seq*. and California Code of Civil Procedure Section 1717; and

4.     For such other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Thomas hereby demands a jury trial on all triable issues.

Dated:  October 31, 2024                    RIMON, P.C.


By: */s/ Tara L. Humma*
     Tara L. Humma
     Christopher J. Kelly

     Attorneys for Defendant, Spencer Thomas

# EXHIBIT B

# DEFENDANT SPENCER ~~THOMAS'S~~THOMAS' AMENDED ANSWER AND
## AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT AND COUNTERCLAIM

Defendant SPENCER THOMAS ("Defendant" or "Thomas"), through undersigned counsel, hereby submits this Answer and Affirmative Defenses to the Amended Complaint ("Complaint") of Plaintiff AMNET ESOP CORPORATION d/b/a AMERICAN MORTGAGE NETWORK ("Plaintiff" or "AmNet"), and in support thereof, avers as follows:

Thomas has not yet completed a thorough investigation and study or completed discovery of all facts and circumstances of the subject matter of the Complaint, and, accordingly, reserves the right to amend, modify, revise, or supplement this Answer, and to plead such further defenses and take such further actions as it may deem proper and necessary in its defense upon the completion of said investigation and study. To the extent any of the allegations in the Amended Complaint are not specifically admitted, Thomas denies each and every such allegation.

Thomas provides no response to the headings used by Plaintiff in the Complaint, as they are not a part of the body of the Amended Complaint. To the extent any of Plaintiff's headings contain any allegations which require a response, Thomas denies any and all allegations contained in those headings.

## PRELIMINARY STATEMENT

The statements within these unnumbered paragraphs contain summarizations of Plaintiff's claims and allegations within the Complaint, to which no response is required. To the extent any allegations within the Complaint are incorporated into and made a part of Plaintiff's Preliminary Statement, Thomas answers them as set forth specifically below.

## PARTIES

1.    Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 1, and these allegations are therefore deemed denied.

2.    Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 2, and these allegations are therefore deemed denied.

3.    Thomas admits the allegations of paragraph 3.

4.    Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 4, and these allegations are therefore deemed denied.

## JURISDICTION AND VENUE

5.    The allegation in paragraph 5 calls for a legal conclusion for which a response is not required. To the extent the allegation of this paragraph is deemed factual, it is denied.

6.    The allegation in paragraph 6 calls for a legal conclusion for which a response is not required. To the extent the allegation of this paragraph is deemed factual, it is denied.

7.    Thomas admits that he is a resident of the State of Georgia. The remaining allegation in paragraph 7 that "this Court has personal jurisdiction over Thomas" calls for a legal conclusion for which a response is not required. To the extent the remaining allegation in this paragraph is deemed factual, it is denied.

8.    Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegation regarding CrossCountry's alleged "intentional contacts with the State of Georgia." The remaining allegation in paragraph 8 that "this Court has personal jurisdiction over CrossCountry" calls for a legal conclusion for which a response is not required. To the extent the remaining allegation of this paragraph is deemed factual, it is denied.

9.    Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegation regarding CrossCountry's alleged contacts "whereby CrossCountry intentionally engaged in tortious conduct aimed at the State of Georgia to benefit its operations and increase the volume of lending

at its branches located in Georgia." The remaining allegation in paragraph 9 that "CrossCountry has contacts arising from Plaintiff's causes of actions" calls for a legal conclusion for which a response is not required. Further, Thomas is without sufficient knowledge or information to form a belief about the truth of those allegations, which are therefore deemed denied.

10.     The allegations in paragraph 10 are moot as Defendant William Myers ("Myers") has been dismissed as a defendant in this action.

11.     The allegation in paragraph 11 calls for a legal conclusion for which a response is not required. Answering further, Thomas denies that this venue is appropriate because Plaintiff and Spencer entered into an Employment Agreement (Dkt. No. 29-1) which contains an express forum selection clause selecting the United States District Court of the Southern District of California as the exclusive federal forum in which to bring claims arising out of the Agreement, including those raised in the Amended Complaint.

## FACTS

12.     Thomas admits the allegations in paragraph 12.

13.     Thomas admits the allegations in paragraph 13.

14.     Thomas admits the allegations in paragraph 14.

15.     The allegation in paragraph 15 purports to characterize a document attached to the Complaint as an exhibit, the contents of which speak for

themselves. To the extent the allegation of this paragraph is deemed factual, it is denied.

16.     The allegation in paragraph 16 purports to characterize a document attached to the Complaint as an exhibit, the contents of which speak for themselves, and calls for a legal conclusion for which a response is not required. To the extent the allegation of this paragraph is deemed factual, it is denied.

17.     The allegation in paragraph 17 purports to characterize a document attached to the Complaint as an exhibit, the contents of which speak for themselves, and calls for a legal conclusion for which a response is not required. To the extent the allegation of this paragraph is deemed factual, it is denied.

18.     The allegations in paragraph 18 calls for a legal conclusion for which a response is not required. To the extent the allegations of this paragraph are deemed factual, they are denied.

19.     Thomas denies the allegations in paragraph 19 of the Complaint. Thomas further specifically denies that customer identifying information or financial information is proprietary information of Plaintiff.

20.     The allegation in paragraph 20 calls for a legal conclusion for which a response is not required. To the extent the allegation of this paragraph is deemed factual, it is denied.

21.     Thomas denies the allegation in paragraph 21 that he received any confidential borrower information from Plaintiff. Thomas is otherwise without sufficient knowledge or information to form a belief about the truth of Plaintiff's remaining allegations in paragraph 21.

22.     Thomas is without sufficient knowledge or information to form a belief about the expectations of Plaintiff's prospective customers. The remaining allegation in paragraph 22 calls for a legal conclusion for which a response is not required. To the extent the remaining allegation of this paragraph is deemed factual, it is denied.

23.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 23, and these allegations are therefore deemed denied.

24.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 24, and these allegations are therefore deemed denied.

25.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 25, and these allegations are therefore deemed denied.

26.     Thomas admits that he began to discuss the possibility of new employment with CrossCountry in or about June 2022. Thomas denies the remaining allegations in paragraph 26.

27.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 27, and these allegations are therefore deemed denied.

28.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 28, and these allegations are therefore deemed denied.

29.     Thomas denies the allegations in paragraph 29 of the Complaint.

30.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 30, and these allegations are therefore deemed denied.

31.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 31 of the Complaint and its subparagraphs that any borrower submitted a loan application to Plaintiff, was ~~pre-approved~~pre-approved for a loan with Plaintiff, and/or closed a loan with Plaintiff or with CrossCountry. These allegations are therefore deemed denied. Thomas additionally states as follows as to each subparagraph of paragraph 31:

a. The first sentence in subparagraph 31a purports to characterize an email dated August 18, 2022, the contents of which speak for themselves, and calls for a legal conclusion for which a response is not required. Thomas is without sufficient knowledge or information to form a belief as to the remainder of Plaintiff's allegations in subparagraph 31a. These allegations are therefore deemed denied.

b. Thomas is without present knowledge or information sufficient to form a belief as to the allegations in the first and third sentences of subparagraph 31b, and these allegations are therefore deemed denied. Thomas denies the allegations in the second sentence of subparagraph 31b.

c. Thomas is without present knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in subparagraph 31c, and these allegations are therefore deemed denied.

d. Thomas is without present knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in subparagraph 31d, and these allegations are therefore deemed denied.

e. Thomas is without present knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in subparagraph 31e, and these allegations are therefore deemed denied.

f. Thomas is without present knowledge or information sufficient to form a belief about the truth of Plaintiff's allegations in subparagraph 31f, and these allegations are therefore deemed denied.

32. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 32, and these allegations are therefore deemed denied.

33. Thomas is without sufficient knowledge or information to form a belief about Plaintiff's allegations regarding Myers's alleged knowledge, and these allegations are therefore deemed denied. Thomas denies the remaining allegations in paragraph 33.

34. Upon information and belief, Cari Lapinski and Amber Schuiteman were employees of CrossCountry at the time Thomas became employed at CrossCountry. Thomas denies the remaining allegations in paragraph 34.

35. Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegation in paragraph 35, because Thomas does not know what time period Plaintiff considers to be "during this time." However, for the time period that he was employed by Plaintiff, Thomas denies the allegation in paragraph 35.

36. Thomas denies the allegations in paragraph 36 of the Complaint.

37.     The allegation in paragraph 37 purports to characterize the contents of CrossCountry's website, the contents of which speak for themselves. Thomas further denies that he is currently employed by CrossCountry.

38.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 38, and these allegations are therefore deemed denied.

39.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 39, and these allegations are therefore deemed denied.

40.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 40, and these allegations are therefore deemed denied.

41.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 41.

42.     To the extent the allegations in paragraph 42 are comprised of the captions of actions in which CrossCountry was a named defendant, the contents of the pleadings and dockets in those actions speak for themselves. Thomas is otherwise without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 42, and these allegations are therefore deemed denied.

43.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 43, and these allegations are therefore deemed denied.

44.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 44, and these allegations are therefore deemed denied.

45.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 45, and these allegations are therefore deemed denied.

46.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 46, and these allegations are therefore deemed denied.

47.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 47, and these allegations are therefore deemed denied.

48.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 48, and these allegations are therefore deemed denied.

49.     To the extent the allegation in paragraph 49 is comprised of the caption of an action in which CrossCountry was a named defendant, the contents

of the pleadings and dockets in that action speak for themselves. Thomas is otherwise without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 49, and these allegations are therefore deemed denied.

50.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 50, and these allegations are therefore deemed denied.

51.     To the extent the allegations in paragraph 51 are comprised of the captions of actions in which CrossCountry was a named defendant, the contents of the pleadings and dockets in those actions speak for themselves. Thomas is otherwise without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 51, and these allegations are therefore deemed denied.

52.     To the extent the allegations in paragraph 52 are comprised of the caption of an action in which CrossCountry was a named defendant, the contents of the pleadings and dockets in that action speak for themselves. Thomas is otherwise without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 52, and these allegations are therefore deemed denied.

53.     To the extent the allegations in paragraph 52 are comprised of the caption of an action in which CrossCountry was a named defendant, the contents of the pleadings and dockets in that action speak for themselves. Thomas is otherwise without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 53, and these allegations are therefore deemed denied.

54.     The allegation in paragraph 54 purports to quote from a document in an unidentified action against CrossCountry, the contents of which speak for themselves. This allegation is therefore deemed denied.

55.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 55, and these allegations are therefore deemed denied.

56.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 56, and these allegations are therefore deemed denied.

57.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 57, and these allegations are therefore deemed denied.

58.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 58, and these allegations are therefore deemed denied.

59.     The allegations in this paragraph pertain to Plaintiff's claims under the Federal and Georgia RICO Acts, which were dismissed pursuant to the Court's Order of December 18, 2022, and therefore no response is required. To the extent a response is required, the allegations of this Paragraph are denied.

60.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 60, and these allegations are therefore deemed denied.

61.     To the extent the allegations in paragraph 61 are comprised of the caption of an action in which CrossCountry was a named defendant, the contents of the pleadings and dockets in that action speak for themselves. Thomas is otherwise without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 61, and these allegations are therefore deemed denied.

62.     Thomas denies the allegations in paragraph 62 of the Complaint.

63.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 63, and these allegations are therefore deemed denied.

64.     Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations about its own knowledge or Myers's alleged actions, and these allegations are therefore deemed denied. Thomas otherwise denies the remaining allegations in paragraph 64. Further, Thomas specifically denies that he unlawfully diverted any loans.

## COUNT ONE – BREACH OF CONTRACT
(Against Defendant Thomas)

65.     Defendant incorporates by reference each of its responses to paragraphs 1 through 64, and each and every part thereof with the same force and effect as though fully set forth herein.

66.     The allegation in paragraph 66 purports to characterize a document attached to the Complaint as an exhibit, the contents of which speak for themselves. The allegation in paragraph 66 calls for a legal conclusion, for which a response is not required. To the extent the allegations in this paragraph are deemed factual, they are denied.

67.     The allegation in paragraph 66 purports to characterize a document attached to the Complaint as an exhibit, the contents of which speak for themselves. The allegation in paragraph 66 calls for a legal conclusion, for which a response is not required. To the extent the allegations in this paragraph are deemed factual, they are denied.

68.     To the extent the allegation in paragraph 68 purports to characterize a document attached to the Complaint as an exhibit, the contents of that document speak for themselves. The allegation in paragraph 68 calls for a legal conclusion, for which a response is not required. Thomas otherwise denies the remainder of the allegation in paragraph 68. Further, Thomas specifically denies that he breached his confidentiality obligations or otherwise breached his employment agreement with Plaintiff.

69.     The allegation in paragraph 69 calls for a legal conclusion, for which a response is not required. To the extent the allegations in this paragraph are deemed factual, they are denied. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

## COUNT TWO – BREACH OF FIDUCIARY DUTY / DUTY OF LOYALTY
(Against Defendant Thomas)

70.     Defendant incorporates by reference each of its responses to paragraphs 1 through 69, and each and every part thereof with the same force and effect as though fully set forth herein.

71.     The allegation in paragraph 71 calls for a legal conclusion, for which a response is not required. To the extent the allegation in this paragraph is deemed factual, it is denied.

72.     Count Two of the Complaint was dismissed against Thomas to the extent it is predicated on Plaintiff's allegation that Thomas solicited Plaintiff's employees to leave and to work for CrossCountry. [Dkt. 51.] Therefore, no response to paragraph 72 of the Complaint is required. Further, Thomas specifically denies that he solicited any AmNet employees or otherwise breached any duties he may have owed Plaintiff.

73.     The allegation in paragraph 73 calls for a legal conclusion, for which a response is not required. To the extent that allegation in this paragraph is deemed factual, it is denied. Thomas otherwise denies the allegation in paragraph 73. Further, Thomas specifically denies that he solicited any AmNet employees or otherwise breached any duties he may have owed Plaintiff.

74.     The allegation in paragraph 74 calls for a legal conclusion, for which a response is not required. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations about its alleged damages, and these allegations are therefore deemed denied. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

**COUNT THREE – AIDING AND ABETTING
BREACH OF FIDUCIARY DUTY**
(Against Defendant CrossCountry)

75.     Defendant incorporates by reference each of its responses to paragraphs 1 through 74, and each and every part thereof with the same force and effect as though fully set forth herein.

76.     Count Three of the Complaint asserts a claim solely against CrossCountry, and therefore no response by Thomas to paragraph 76 is required. To the extent a response is required, Thomas denies the allegation in paragraph 76. Further, Thomas specifically denies that he solicited any AmNet employees or otherwise breached any duties he may have owed Plaintiff.

77.     Count Three of the Complaint asserts a claim solely against CrossCountry, and therefore no response by Thomas to paragraph 77 is required. To the extent a response is required, Thomas denies the allegation in paragraph 77. Further, Thomas specifically denies that he solicited any AmNet employees or otherwise breached any duties he may have owed Plaintiff.

78.     Count Three of the Complaint asserts a claim solely against CrossCountry, and therefore no response by Thomas to paragraph 78 is required. To the extent a response is required, Thomas denies the allegation in paragraph 78. Further, Thomas specifically denies that he solicited any AmNet employees or otherwise breached any duties he may have owed Plaintiff.

79.     Count Three of the Complaint asserts a claim solely against CrossCountry, and therefore no response by Thomas to paragraph 78 is required.

Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations about its alleged damages and injury. To the extent a response is required, Thomas denies the allegation in paragraph 78. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

## COUNT FOUR – VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125(a)
(Against Defendants Thomas and CrossCountry)

80.    Defendant incorporates by reference each of its responses to paragraphs 1 through 79, and each and every part thereof with the same force and effect as though fully set forth herein.

81.    Thomas denies the allegations in paragraph 81. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

82.    Thomas denies the allegations in paragraph 82. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

83.    Thomas admits that he maintained his active licensure information with Plaintiff while transacting business for Plaintiff. Thomas otherwise denies the remaining allegations in paragraph 83. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

84. The allegation in paragraph 84 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegations in paragraph 84. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

85. Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 85 about CrossCountry's alleged knowledge and/or actions, and these allegations are therefore deemed denied. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

86. Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 86 about the alleged actions of CrossCountry employees during his employment with Plaintiff, and these allegations are therefore deemed denied. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

87. Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 87 about the alleged actions of CrossCountry employees during his employment with Plaintiff, and these allegations are therefore deemed denied.

88.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 88, because Plaintiff's allegation is vague and ambiguous as to time, and these allegations are therefore deemed denied. Answering further, Thomas avers that for the time period Thomas was employed by Plaintiff, Thomas's communications with certain customers and at times contained Plaintiff's licensing information. Thomas otherwise denies the allegations in paragraph 88. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

89.     Thomas is without sufficient knowledge or information to form a belief about the truth of Plaintiff's allegations in paragraph 88, because Plaintiff's allegation is vague and ambiguous as to time, and these allegations are therefore deemed denied. Answering further, Thomas avers that for the time period Thomas was employed by Plaintiff, Thomas's communications with certain customers and at times contained Plaintiff's licensing information. Thomas otherwise denies the allegations in paragraph 88. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

90.     Thomas denies the allegations in paragraph 90. Further, Thomas specifically denies that he misrepresented to customers which mortgage lender they were applying with.

91. Thomas denies the allegations in paragraph 91. Further, Thomas specifically denies that he misappropriated any of AmNet's trade secrets or that customer identifying information or financial information is proprietary information of AmNet.

92. The allegation in paragraph 92 calls for a legal conclusion, for which a response is not required. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 92 about its alleged damages. To the extent a response is required, Thomas denies the allegations in paragraph 92. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

93. The allegation in paragraph 93 calls for a legal conclusion, for which a response is not required. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 93 about its alleged harm. To the extent a response is required, Thomas denies the allegations in paragraph 93. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

94. The allegation in paragraph 94 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegation in paragraph 94. Further, Thomas specifically denies that he engaged in unfair competition.

95.     The allegation in paragraph 95 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegation in paragraph 95. Further, Thomas specifically denies that he has violated the Lanham Act.

## COUNT FIVE – TORTIOUS INTERFERENCE WITH CURRENT CONTRACTUAL AND PROSPECTIVE ECONOMIC RELATIONS[1]
(Against Defendants Thomas and CrossCountry)

96.     Thomas incorporates by reference each of its responses to paragraphs 1 through 95, and each and every part thereof with the same force and effect as though fully set forth herein.

97.     Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 97, and these allegations are therefore deemed denied.

98.     Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 98 about CrossCountry's purported awareness, and these allegations are therefore deemed denied. Thomas otherwise denies the remaining allegations in paragraph 98.

---

[1] The Court permitted Count Five to proceed "only to the extent Plaintiff's allegations are not premised on the alleged misappropriation of AmNet's trade secrets or other proprietary information under the GTSA." [Dkt. 2951 – Order on Motion to Dismiss, p. 54.] Accordingly, Thomas's responses to paragraphs 96-104 are made in accordance with the Court's Order and only as to those allegations which were permitted to proceed.

99.     Thomas denies the allegations in paragraph 99. Thomas further specifically denies that he unlawfully diverted any loans.

100.    Thomas denies the allegations in paragraph 100.

101.    Thomas denies the allegations in paragraph 101.

102.    Thomas denies the allegations in paragraph 102. Further, Thomas specifically denies that he unlawfully diverted any loans.

103.    Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 103, and these allegations are therefore deemed denied.

104.    The allegation in paragraph 104 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegation in paragraph 104. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 104, and these allegations are therefore deemed denied. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

## COUNT SIX – UNFAIR COMPETITION[2]

---

[2] The Court permitted Count Six to proceed "only to the extent Plaintiff's allegations are not premised on the alleged misappropriation of AmNet's trade secrets or other proprietary information under the GTSA." [Dkt. ~~29~~51 – Order on Motion to Dismiss, p. 54.] Accordingly, Thomas's responses to paragraphs 96-104 are made in accordance with the Court's Order and only as to those allegations which were permitted to proceed.

(Against Defendants Thomas and CrossCountry)

105.　Thomas incorporates by reference each of its responses to paragraphs 1 through 104, and each and every part thereof with the same force and effect as though fully set forth herein.

106.　Thomas denies the allegations in paragraph 106. Further, Thoms specifically denies that he solicited AmNet employees or that he otherwise engaged in unfair competition.

107.　The allegation in paragraph 107 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegations in paragraph 107. Further, Thomas specifically denies that he solicited AmNet employees or that he otherwise engaged in unfair competition.

108.　Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 108, and these allegations are therefore deemed denied.

109.　The allegations in paragraph 109 call for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegations in paragraph 109. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations in paragraph 109, and these allegations are therefore deemed denied. Further, Thomas

specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

## COUNT SEVEN – MISAPPROPRIATION OF TRADE SECRETS IN VIOLATION OF GEORGIA UNIFORM TRADE SECRETS ACT
(Against All Defendants)

110.    Thomas incorporates by reference each of its responses to paragraphs 1 through 109, and each and every part thereof with the same force and effect as though fully set forth herein.

111.    Thomas denies the allegation in the first sentence of paragraph 111. The remaining allegations in paragraph 111 call for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the remaining allegations in paragraph 111.

112.    Thomas denies the allegations in paragraph 112.

113.    Thomas denies the allegations in paragraph 113. Further, Thomas specifically denies that he misappropriated any confidential or proprietary information of AmNet.

114.    The allegations in paragraph 114 call for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegations in paragraph 114. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation in paragraph 114, and these allegations are therefore deemed denied. Further, Thomas

specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

115.    The allegation in paragraph 115 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegations in paragraph 115. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation in paragraph 115, and these allegations are therefore deemed denied. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

**COUNT EIGHT – VIOLATION OF THE
DEFEND TRADE SECRETS ACT, 18 U.S.C. 1836, ET SEQ.**
(Against Defendants Thomas and CrossCountry)

116.    Thomas incorporates by reference each of its responses to paragraphs 1 through 115, and each and every part thereof with the same force and effect as though fully set forth herein.

117.    The allegation in paragraph 117 purports to characterize and quote the Defend Trade Secrets Act ("DTSA"), the contents of which speak for themselves. To the extent a response is required, Thomas denies the allegation in paragraph 117.

118.   Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation in paragraph 118, and this allegation is therefore deemed denied.

119.   The allegation in paragraph 119 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegation in paragraph 119.

120.   Thomas denies the allegations in paragraph 120. Further, Thomas specifically denies that customer identifying information or financial information is proprietary information of AmNet.

121.   Thomas denies the allegations in paragraph 121. Further, Thomas specifically denies that he misappropriated any trade secrets of AmNet.

122.   Thomas is without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation in paragraph 122. Further, Thomas specifically denies that he misappropriated any trade secrets of AmNet.

123.   The allegation in paragraph 123 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegation in paragraph 123. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation in paragraph 123, and this allegation is therefore deemed denied. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

124. The allegation in paragraph 124 calls for a legal conclusion, for which a response is not required. To the extent a response is required, Thomas denies the allegation in paragraph 124. Thomas is otherwise without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegation in paragraph 124, and this allegation is therefore deemed denied. Further, Thomas specifically denies that Plaintiff has suffered any damages or is entitled to any relief or remedy.

## COUNT NINE – CIVIL RICO
(Against Defendants CrossCountry and Myers)

125. Thomas incorporates by reference each of its responses to paragraphs 1 through 124, and each and every part thereof with the same force and effect as though fully set forth herein.

126. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 126 is required.

127. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 127 is required.

128. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 128 is required.

129. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 129 is required.

130. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 130 is required.

131. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 131 is required.

132. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 132 is required.

133. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 133 is required.

134. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 134 is required.

135. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 135 is required.

136. Count Nine of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 136 is required.

## COUNT TEN – CONSPIRACY
(Against All Defendants)

137. Thomas incorporates by reference each of its responses to paragraphs 1 through 136, and each and every part thereof with the same force and effect as though fully set forth herein.

138. Count Ten of the Complaint was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 138 is required.

139. Count Ten of the Complaint was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 139 is required.

## COUNT ELEVEN – CONSPIRACY TO VIOLATE RICO
(Against All Defendants)

140. Thomas incorporates by reference each of its responses to paragraphs 1 through 139, and each and every part thereof with the same force and effect as though fully set forth herein.

141.  Count Eleven of the Complaint was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 141 is required.

142.  Count Eleven of the Complaint was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 142 is required.

143.  Count Eleven of the Complaint was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 143 is required.

## COUNT TWELVE – GEORGIA CIVIL RICO
(Against Defendants CrossCountry and Myers)

144.  Thomas incorporates by reference each of its responses to paragraphs 1 through 143, and each and every part thereof with the same force and effect as though fully set forth herein.

145.  Count Twelve of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 145 is required.

146.  Count Twelve of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 146 is required.

147.  Count Twelve of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 147 is required.

148. Count Twelve of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 148 is required.

149. Count Twelve of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 149 is required.

150. Count Twelve of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 150 is required.

151. Count Twelve of the Complaint asserts a claim solely against CrossCountry and Myers and was dismissed by the Court's Order. [Dkt. 51.] Therefore, no response by Thomas to paragraph 151 is required.

## PLAINTIFF'S PRAYER FOR RELIEF

Thomas denies any and all allegations in Paragraphs 1-151 of the Complaint to the extent that any allegations are not expressly admitted above. Thomas denies the paragraphs and subparagraphs within Plaintiff's Prayer for Relief, and further denies that Plaintiff is entitled to any of the relief prayed for or to any other relief whatsoever.

## SEPARATE AND AFFIRMATIVE DEFENSES

Thomas sets forth below his separate and affirmative defenses. By setting forth his separate and affirmative defenses below, Thomas does not assume the burden of proving any facts, issues, or elements of a claim where such burden properly belongs to Plaintiff. For its separate and affirmative defenses, Thomas alleges, upon information and belief, the following:

1.      Plaintiff's Complaint, and/or each purported cause of action therein, fails to allege facts sufficient to state a claim upon which relief can be granted against Defendant.

2.      Plaintiff, by its acts and omissions, has waived and is estopped and barred from alleging the matters set forth in the Complaint.

3.      Plaintiff's claims against Thomas are barred from any relief by the doctrine of laches.

4.      Plaintiff's claims against Thomas are barred from any relief by the doctrine of unclean hands.

5.      Plaintiff's claims against Thomas are barred from any relief by the doctrine of equitable estoppel.

6.      Plaintiff's claims against Thomas are barred from any relief based on Plaintiff's lack of standing.

7.      Plaintiff's claims against Thomas are barred to the extent Plaintiff consented to any of the activities and/or conduct alleged therein.

8.      Plaintiff's claims against Thomas are barred because Plaintiff failed to join necessary parties without whom this action cannot proceed, including without limitation the employees Plaintiff alleges Thomas purportedly solicited.

9.      Plaintiff's claims against Thomas are barred because Plaintiff's alleged damages and/or penalties are vague, ambiguous, unreasonable, uncertain, and/or speculative in nature.

10.     Plaintiff's claims against Thomas are barred, in whole or in part, on the ground that, on information and belief, AmNet was and is engaged in an illegal referral and/or kickback scheme with ADPI, in violation of the federal Real Estate Settlement Procedures Act, 12 U.S.C. § 2607, and its implementing regulations. Accordingly, all of the profits that AmNet claims it lost as a result of any alleged conduct by Thomas would have constituted illegal, ill-gotten gains by AmNet, which AmNet is not entitled to recover.

11.     Plaintiff's claims against Thomas are barred because Thomas at all times lacked the requisite knowledge and/or intent to sustain those claims.

12.     Plaintiff's claims against Thomas relating to alleged breach of the Agreement are barred because the Agreement's terms, including the restrictive employment covenants, are unconscionable under California law, including California Business and Professions Code Section 16600 et seq., which governs the Agreement's terms, and should not be enforced.

13.     Plaintiff's claims against Thomas relating to the alleged breach of the Agreement are barred because the Agreement's terms, including the restrictive employment covenants, are illegal and void under California law, including California Business and Professions Code Section 16600 et seq., which governs the Agreement's terms.

14.     Plaintiff's claims against Thomas relating to the alleged breach of the Agreement are barred because the Agreement was lawfully terminated and any ~~post-termination~~post-termination restrictive covenants are unenforceable under California law, including California Business and Professions Code Section 16600 et seq., which governs the Agreement's terms.

15.     Plaintiff's claims against Thomas relating to the alleged breach of the Agreement are barred because Thomas at all times acted reasonably and in good faith in performing any obligations under the appropriate terms and conditions of the Agreement.

16.     Plaintiff's claims against Thomas relating to the alleged breach of the Agreement are barred because, upon information and belief, Plaintiff breached the Agreement, thereby excusing Thomas's performance.

17.     Plaintiff's claims against Thomas relating to the alleged breach of fiduciary duty are barred to the extent they are duplicative of Plaintiff's breach of contract claim.

18.    Plaintiff's claims against Thomas relating to the alleged breach of fiduciary duty are barred to the extent Thomas did not owe Plaintiff a fiduciary duty or duty of loyalty.

19.    Plaintiff's claims against Thomas relating to the alleged violation of the Lanham Act are barred because Thomas did not make any false or misleading statements of fact, did not deceive or cause others to be deceived by his statements in any material way or otherwise, and/or did not cause competitive or commercial injury to Plaintiff.

20.    Plaintiff's claims against Thomas relating to his alleged tortious interference with current contractual and/or prospective economic relations are barred, in whole or in part, because none of the borrowers Plaintiff alleges were diverted to CrossCountry would have closed a mortgage loan with Plaintiff, regardless of Thomas's alleged actions.

21.    Plaintiff's claims against Thomas relating to his alleged tortious interference with current contractual and/or prospective economic relations are barred, in whole or in part, because the borrowers Plaintiff alleges were diverted to CrossCountry would have chosen to follow Thomas to CrossCountry regardless of Thomas's alleged actions.

22.    Plaintiff's claims against Thomas relating to his alleged tortious interference with current contractual and/or prospective economic relations are

barred, in whole or in part, because the borrowers Plaintiff alleges were diverted to CrossCountry were the result of leads belonging to Thomas, which were used with Plaintiff's knowledge, consent, and approval.

23.    Plaintiff's claims against Thomas relating to his alleged unfair competition are barred, in whole or in part, because Thomas did not engage in unfair, deceptive, or fraudulent practices.

24.    Plaintiff's claims against Thomas relating to alleged trade secrets are barred on the grounds that the information on which Plaintiff bases its claims do not constitute trade secrets.

25.    Plaintiff's claims against Thomas relating to alleged misappropriation of confidential information are barred on the grounds that the information on which Plaintiff bases its claims are publicly available.

26.    Plaintiff's common law claims against Thomas relating to alleged misappropriation of confidential information are preempted by the California Uniform Trade Secrets Act ("CUTSA"), regardless of whether that information constitutes a trade secret under California law.

27.    Plaintiff's claims against Thomas relating to alleged misappropriation of trade secrets and/or confidential information are barred on the grounds that, upon information and belief, Plaintiff did not exercise reasonable or sufficient

efforts to maintain the secrecy of any alleged trade secret or confidential information.

28.     Plaintiff's claims against Thomas are barred from recovery because Plaintiff failed to exercise reasonable and reasonable and ordinary care, caution, or prudence, and that the alleged injuries and damages, if any, were proximately caused and/or contributed to by Plaintiff's own negligence and/or intentional conduct. Therefore, any recovery to which Plaintiff might otherwise be entitled must be reduced by reason of Plaintiff's contributory or comparative negligence and/or intentional conduct.

29.     Plaintiff's claims against Thomas are barred from recovery because Plaintiff failed to take reasonable affirmative action to mitigate its damages as they are alleged in the Complaint and, therefore, are barred from any recovery against Thomas to the extent Plaintiff failed to mitigate its damages.

30.     Plaintiff's claims against Thomas are barred from recovery because any damages incurred by Plaintiff, if any, were directly and proximately caused and contributed to by the acts, conduct, and/or omissions of Plaintiff, third parties, or other entities.

31.     Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages against Thomas, is barred on the grounds that Thomas's actions were not

fraudulent, malicious, oppressive, wanton, or reckless, and on the grounds that Thomas acted in good faith.

32.     Plaintiff's Complaint, to the extent that it seeks exemplary or punitive damages, violates Thomas's right to procedural due process under the Fourteenth Amendment of the United States Constitution, and Article I, Section 7 of the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded.

33.     Plaintiff's Complaint, to the extent that it seeks punitive or exemplary damages, violates Thomas's right to protection from "excessive fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 17 of the Constitution of the State of California, and violates Thomas's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action supporting the punitive or exemplary damages claimed.

34.     Thomas presently has insufficient knowledge and/or information with which to form a belief as to whether it may have additional as yet unstated affirmative defenses. Thomas, therefore, reserves its right to seek leave of Court to amend its Answer to add additional affirmative defenses.

### **PRAYER**

WHEREFORE, Defendant requests judgment as follows:

1. ~~1.~~ 1. That Plaintiff take nothing by reason of its Complaint;

2. ~~2.~~ 2. That the Complaint be dismissed in its entirety with prejudice, and judgment be entered in favor of Thomas and against Plaintiff;

3. ~~3.~~ 3. That Defendant recover its attorney's fees and costs of suit pursuant to Fed. R. Civ. P. Rule 11, Cal. Bus. & Prof. Code section 16600.5, 28 U.S.C. section 1927, California Code of Civil Procedure section 1717, and the court's inherent power to award sanctions; and

4. ~~4.~~ 4. That the Court award Defendant such other and/or further relief as the Court deems just and proper.

## SPENCER THOMAS'S COUNTERCLAIMS

1.     This claim arises out of Plaintiff/Cross-Defendant AmNet ESOP Corporation ("AmNet")'s attempt to enforce unlawful and void noncompete provisions contained in its employment agreement with Defendant/Cross-Complainant Spencer Thomas's ("Thomas").

2.     This controversy is set against the backdrop of 150 years of California jurisprudence prohibiting contracts by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind and recent amendments to California law regarding same.

3.     California has consistently and vigorously fostered protecting the right of individuals to pursue engagement in the profession, business, or trade of their choice. "[I]n 1872 California settled public policy in favor of open competition[.]" *Edwards v. Arthur Andersen LLP*, (2008) 44 Cal.4th 937, 945. California Business and Professions Code Section 16600 provides: "Except as provided in this chapter, every contract by which anyone is restrained from engaging in a lawful profession, trade, or business of any kind is to that extent void."

4.     Section 16600 protects "the important legal right of persons to engage in businesses and occupations of their choosing." *Morlife, Inc. v. Perry*, (1997) 56

Cal. App. 4th 1514, 1520 . Historically, any restraint on that ability is per se unlawful and void.

5.    Amendments to California Business and Professions Code Section 16600 *et seq*. went into effect on January 1, 2024.

6.    Those amendments, in part, set forth that the prohibition on non-competes "should be read broadly, in accordance with *Edwards v. Arthur Andersen LLP*, (2008) 44 Cal.4th. 937, to avoid the application of any noncompete agreement in an employment context, or any noncompete clause in an employment contract, no matter how narrowly tailored, that does not satisfy an exception in this chapter." California Business and Professions Code Section 16600(b)(1).

7.    California Business and Professions Code Section 16600.1, effective January 1, 2024, states, in relevant part:

(a) It shall be unlawful to include a noncompete clause in an employment contract, or to require an employee to enter a noncompete agreement, that does not satisfy an exception in this chapter.

(b)(1) For current employees, and for former employees who were employed after January 1, 2022, whose contracts include a noncompete clause, or who were required to enter a noncompete agreement, that does not satisfy an exception to this chapter, the employer shall, by February 14, 2024, notify the employee that the noncompete clause or noncompete agreement is void.

California Business and Professions Code Section 16600.1

8.    In addition, the legislature added California Business and Professions

Code Section 16600.5 which states the following, in relevant part:

(a) Any contract that is void under this chapter is unenforceable regardless of where and when the contract was signed.
(b) An employer or former employer shall not attempt to enforce a contract that is void under this chapter regardless of whether the contract was signed and the employment was maintained outside of California.

(c) An employer shall not enter into a contract with an employee or prospective employee that includes a provision that is void under this chapter.

(d) An employer that enters into a contract that is void under this chapter or attempts to enforce a contract that is void under this chapter commits a civil violation.
…

California Business and Professions Code Section 16600.5.

9.      As a California employer, AmNet is bound to follow California law with regard to contracts it enters into with its employees regardless of where the employee works or resides, or where the agreement was signed, yet it has entered into agreements that seek to restrain individuals from engaging in a lawful profession, trade or business, has continued to attempt to enforce these agreements after Business and Professions Code Section 16600.5 made clear that they were unlawful and has failed to send notice to Thomas that the provisions are invalid in accordance with California Business and Professions Code Section 16600.1.

10.     In this action, Plaintiff seeks relief in the form of a judgment proclaiming that California law governs the enforceability of those provisions, that

the provisions in question are void and unenforceable under California Business and Professions Code Section 16600 *et seq*. and awarding damages and attorneys' fees to Thomas based on the improper attempt to enforce the unlawful provisions by AmNet.

**PARTIES AND STATEMENT OF JURSDICTION**

11.     Thomas is a resident of the state of Georgia, who was formerly employed by AmNet.

12.     Upon information and belief, AmNet is a licensed mortgage lender incorporated under the laws of the State of Delaware, with its headquarters and principal place of business located at 347 3rd Avenue, Chula Vista, California 91910.

13.     The Court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, and because there is complete diversity of citizenship between AmNet and Thomas. In addition, the Court has supplemental jurisdiction over Thomas's state law claim under 28 U.S.C. § 1367.

14.     Thomas filed a Motion to Transfer Venue to the United States District Court for the Southern District of California ("SDC"), based on Amnet's violation of the forum selection provision in his Employment Agreement with AmNet [Dkt 55] which was granted on May 31, 2024. [Dkt 66].

**FACTS**

15.     From in or about August 2019, to in or about August 2022, and at all times relevant herein, AmNet was Thomas' employer. [Dkt 29, paragraphs 12, 29].

16.     AmNet and Thomas were parties to an employment agreement during the course of Thomas' employment with AmNet ("Employment Agreement"). [Dkt 29, paragraph 13-14, Dkt 29-1].

17.     AmNet's Amended Complaint in this action asserted claims against Thomas for violating certain provisions contained in the Employment Agreement.

18.     The Employment Agreement states:

10. Confidentiality.

(a) The Employee may now, and in the future, have access to, and may be given information with respect to, (1) the special business techniques, concepts, designs, ideas, inventions, forms, software programs, and other intangible work product; (2) the tangible deliverables, patents, copyrights, trade secrets, other intellectual property, systems, know-how, and financial, accounting, and production policies, procedures, records, and infrastructure; (3) the lists of customers; and (4) all other information regarding the business of the Company and its members, employees, agents, subsidiaries, or affiliates (collectively, the "Protected Party") (the "Confidential Information"), which is not generally known to the public and gives the Protected Party an advantage over its respective competitors who do not know or use the Confidential Information. The Employee acknowledges that all such Confidential Information as it now, or in the future, exists:

(i) Belongs to the Company and its shareholders, subsidiaries, and affiliates;

(ii) Constitutes specialized and highly confidential

information not generally known in the industry; and

(iii)    Constitutes a valuable asset of the Company.

Accordingly, the Employee recognizes and acknowledges that it is essential to the Company to protect the confidentiality of such Confidential Information.

(b) The Employee agrees to act as a trustee of such Confidential Information and of any other confidential information he or she acquires in connection with his or her association with the Company. Furthermore, as an inducement to the Company to retain him or her as an employee, he or she will hold all such Confidential Information in trust and confidence for the sole use and benefit of the Company.

(c) The Employee agrees to refrain from divulging or disclosing any Confidential Information to others and from using such Confidential Information, except for the benefit of the Company as contemplated hereunder. The Employee further agrees to refrain from taking any other actions that would tend to destroy or reduce the value of the Confidential Information to the Protected Party.

(d) Upon the last day of the Employee's employment, or at any time requested by the Company, the Employee shall deliver, or cause to be delivered, to the Company all documents and data of any nature pertaining to his or her work with the Company. The Employee shall not take any documents or data of any description or any reproduction of any description containing or pertaining to any Confidential Information.

(e) The confidentiality provisions of this Section 10 are intended to supplement and not supersede the applicable provisions of the Uniform Trade Secrets Act, to the fullest extent applicable.

(f) During the term hereof, and thereafter, the Employee shall not disclose such Confidential Information to any person, firm, association, or other entity for any reason or purpose

whatsoever, unless such information has already become common knowledge or unless the Employee is required to disclose it by judicial process. The Employee shall notify the Company in writing of such judicial process prior to disclosure, and allow the Company a reasonable opportunity to defend and protect its rights therein.

(g) Notwithstanding the foregoing, nothing in this Section 10 shall prohibit the use or disclosure of Confidential Information as required by law or the order of a court or governmental agency. Moreover, nothing in this Section 10 prohibits the disclosure of Confidential Information or trade secrets made: (1) in confidence to a Federal, State, or local government official, either directly or indirectly, or to an attorney solely for the purpose of reporting or investigating a suspected violation of law; or (2) in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. Finally, if the Employee files a lawsuit against the Company for retaliation for reporting a suspected violation of law, nothing in this Section 10 prohibits the Employee from disclosing Confidential Information or trade secrets to the Employee's attorney or from using the Confidential Information or trade secret information in the court proceeding, if the Employee files any document containing the Confidential Information or trade secret under seal and does not disclose the trade secret, except pursuant to court order.

Dkt 29-1, paragraph 10.

19.    The Employment Agreement also includes the following:

13.        Non-Interference and Non-Solicitation of Employees and/or Agents. The Employee acknowledges that the Company incurs significant expense in recruiting and training its employees [and agents]. During the Te1m of this Agreement and for a period of one (1) year following the last day on which the Employee provides services to the Company, the Employee shall not solicit, hire, or attempt to hire, or induce or attempt to induce to

leave the Company, any person who was employed or engaged by the Company (whether as an employee, independent contractor, or otherwise) during the six (6) month period preceding the last day on which the Employee provided services to the Company for the purposes of such person leaving the Company to work with another mortgage company within 50 miles of any city where the Company does business.

20. AmNet alleges in its Amended Complaint that Thomas breached the confidentiality provisions in the Employment Agreement and previously alleged, prior to dismissal of the claim, that Thomas improperly solicited AmNet employees as well. Dkt 29.

## FIRST CAUSE OF ACTION
## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE 16600 ET SEQ.

21. Thomas hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth herein at length.

22. The provisions of the Employment Agreement referenced above which AmNet seeks or sought to enforce constitute grossly overbroad and void provisions that operate as de facto noncompetition provisions.

23. The definition of "Confidential Information" is extremely overbroad and has the effect of restraining Thomas from engaging in a lawful profession, trade or business.

24. AmNet seeks to deprive Thomas of his right to work for any other

employer in the industry in which he has acquired exceptional experience and expertise.

25. Enforcing, threatening to enforce, and attempting to enforce the noncompetition provisions and refusing to recognize the application of California law constitute an unlawful restriction on Thomas in the exercise of his livelihood.

26. AmNet's conduct unlawfully restrains employees, including Thomas, from accepting employment elsewhere and unlawfully seeks to chill other employers from recruiting the best talent without threat of litigation.

27. AmNet's conduct is in violation of California Business and Professions Code Section 16600 *et seq*. including the amendments to same that became effective on January 1, 2024.

28. California Business and Professions Code Section 16600.1 required that AmNet notify its employees that the unlawful provisions of their agreements were void on or before February 14, 2024.

29. AmNet did not send the required notice to Thomas.

30. AmNet continues to attempt to enforce certain unlawful provisions of the Employment Agreement despite the language of the recent amendments making clear that it is unlawful for AmNet to do so and only stopped seeking to enforce other unlawful provisions of the Employment Agreement because they were dismissed by the Northern District of Georgia.

31.     Upon information and belief, AmNet is using its unlawful non-compete provisions with its employees to attempt to intimidate its employees and former employees, including Thomas, and deter them from seeking employment at any competitor in violation of the fundamental public policy reflected in California law preventing restrictions on the free movement of labor and employees' right to work where they choose as well as to intimidate its competitors from hiring its former employees.

32.     Thomas contends that the veiled non-competition provisions in the Employment Agreement as referenced above are restraints of substantial character and, regardless of what form they are presented, constitute unlawful restraints on trade in violation of California Business & Professions Code Section 16600 *et seq*. and California's long recognized and fundamental public policy against such provisions. *See Edwards v. Arthur Andersen LLP*, (2008) 44 Cal.4th 937, 945-46.

33.     The inclusion of the unlawful provisions invalidates the Employment Agreement in its entirety.

34.     The non-competition provisions are void and unenforceable.

**PRAYER FOR RELIEF ON THOMAS' COUNTERCLAIM**

WHEREFORE, Thomas prays for judgment against AmNet as follows:

1.     For a declaration from this Court that California Business and Professions Code 16600 *et seq*. applies to the noncompetition provisions at issue

here and that California law governs their enforceability;

2.    For a declaration that the unlawful noncompetition provisions, including the provisions purportedly protecting confidential information and trade secrets, including, but not limited to, the referenced provisions of the Employment Agreement above in this Counterclaim are void and invalid under California Business and Professions Code Section 16600 *et seq.*;

3.    For costs of suit incurred herein, including reasonable attorneys' fees where authorized by contract, statute or other law, including but not limited to, California Business and Professions Code Section 16600 *et seq.* and California Code of Civil Procedure Section 1717; and

4.    For such other and further relief as this Court deems just and proper.

## JURY DEMAND

Thomas hereby demands a jury trial on all triable issues.

| | |
|---|---|
| **Summary report:**<br>**Litera Compare for Word 11.6.0.100 Document comparison done on**<br>**10/30/2024 4:35:56 PM** | |
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original filename:** Answer & Counterclaim #56 Text Only.docx | |
| **Modified filename:** Draft Amended Answer & Counterclaim Text Only.docx | |
| **Changes:** | |
| Add | 134 |
| Delete | 10 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 144 |