Benjamin Galdston, Esq. (SBN 211114)
OMNUM LAW APC
4350 Executive Drive, Suite 350
San Diego, CA 92121
Tel.: 858.539.9767
E-Mail: bgaldston@omnumlaw.com

*Attorneys for Plaintiff AmNet ESOP Corp.*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMNET ESOP CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CROSSCOUNTRY MORTGAGE, INC., et al.,<br><br>　　　　Defendants. | Case No. 3:24-cv-00970-MMA-KSC<br><br>**DECLARATION OF BENJAMIN GALDSTON IN SUPPORT OF PLAINTIFF AMNET ESOP CORPORATION'S OPPOSITION TO DEFENDANT SPENCER THOMAS'S MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**<br><br>Hearing Date: Dec. 2, 2024<br>Time: 2:30 p.m.<br>Courtroom: 3D<br>Judge: Hon. Michael M. Anello<br><br>Amended Complaint Filed: Apr. 21, 2023<br>Trial Date: None Set |

I, Benjamin Galdston, declare as follows:

1. I am an attorney admitted to practice law in the State of California and admitted in this District. I am the President of Omnum Law APC and counsel for Plaintiff AmNet ESOP Corporation ("AmNet") in this action.

2. I submit this declaration in support of Plaintiff's Opposition to Defendant Spencer Thomas's Motion for Leave to File Amended Answer and Counterclaim. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto.

3. On August 20, 2024, Defendant Spencer Thomas ("Thomas") filed a complaint in the Superior Court of the State California for the County of San Diego asserting various claims against AmNet and its Chief Executive Officer and Chief Financial Officer related to his employment agreement with AmNet. A true and correct copy of Thomas's California state court complaint is attached hereto as **Exhibit ("Ex.") A**.

4. Discovery is underway in this action. The parties have exchanged written discovery requests and responses. Specifically, Defendants Thomas and CrossCountry have collectively propounded 23 interrogatories (many with multiple sub-parts) and nearly 200 separate document requests upon AmNet, including Thomas's Second Set of Requests for Production (containing 14 separate requests), which was served on November 18, 2024.

5. AmNet has dedicated tremendous resources and expense to collecting, searching, reviewing, and producing documents and other information in response to Defendants' requests. Specifically, AmNet has collected and searched for responsive documents from among more than 1 Terabyte of electronically stored information. AmNet recently completed its substantial production of documents, totaling more than 151,000 documents and nearly one million pages.

6. AmNet also has noticed depositions of key fact witnesses to commence in

December.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this declaration was executed on November 18, 2024, in San Diego, California.

_____
Benjamin Galdston

# EXHIBIT A

HUSKINSON, BROWN & HEIDENREICH, LLP
DAVID W.T. BROWN – Bar No. 147321
BRIAN D. CENTER – Bar No. 166583
1200 Aviation Blvd., Suite 202
Redondo Beach, CA 90278
Telephone: (310) 545-5459

Attorneys for Plaintiff
Spencer Thomas

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
8/20/2024 1:14:57 PM

Clerk of the Superior Court
By I. Irizarry         ,Deputy Clerk

# IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA
# IN AND FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| SPENCER THOMAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>AMNET ESOP Corp., a Delaware Corporation; DAVID WALLACE, an individual; JOSEPH RESTIVO, an individual; and DOES 1-50,<br><br>Defendants. | CASE NO: 24CU007054C<br><br>**COMPLAINT FOR (1) BREACH OF CONTRACT; (2) FAILURE TO COMPENSATE FOR BASE RATE IN VIOLATION OF CALIFORNIA LABOR CODE; (3) FAILURE TO COMPENSATE FOR MINIMUM WAGE AND OVERTIME HOURS; (4) FAILURE TO PROVIDE WAGE STATEMENTS; (5) WAITING TIME PENALTIES; (6) VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200; (7) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |

Plaintiff Spencer Thomas ("Plaintiff"), hereby alleges as follows:

## PARTIES

1. Plaintiff is an individual who resides in Georgia and who worked for Defendant in California.

2. Defendant AMNET ESOP, dba American Mortgage Network ("Defendant" or "AMNET"), is, on information and belief, a Delaware Corporation doing business in California. Plaintiff, at all relevant times, worked in California under an employment contract stating that

1

COMPLAINT

the contract is to be construed under California law and venued in Chula Vista, California. Defendants David Wallace and Joseph Restivo are individuals who supervised Plaintiff, including as to wage issues, and, on information and belief, reside and work in California.

3. The true name and capacities of DOES 1-50, whether corporate, individual or otherwise, are unknown to Plaintiff who therefore sues said defendants by such fictitious names and will ask leave to amend this Complaint to show their true names and capacities when the same have been ascertained.

4. Plaintiff is informed believes and thereon alleges that at all times relevant to this Complaint, each of the defendants, including, without limitation the DOE defendants, were the agents, affiliates, officers, directors, managers, principals, partners, joint venturers, alter-egos and/or employees of the remaining defendants and at all times were acting within the scope of agency affiliate, officer, director, manager, principal, partner, joint venture, alter-ego and/or employment relationship and actively participated in, or subsequently ratified, adopted, or both, each and all of the acts of conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of Plaintiff's rights and the damages to Plaintiff proximately caused thereby. Plaintiff alleges, on information and belief, that Defendant and its principals ignored corporate formalities, co-mingled funds and inappropriately used the corporation for the personal benefit of its principals, to the extent that justice and fairness require that the corporate formality, a sham, be disregarded and its principals be held personally liable for the debts and damages in this matter.

**FACTUAL ALLEGATIONS**

5. Plaintiff began working for Defendant on or about September 1, 2019. Defendant is a mortgage company and Plaintiff was employed as a mortgage loan officer.

6. Pursuant to the employment contract dated September 1, 2019 (the "Employment Contract"), Plaintiff was to be paid purely on commissions. Subsequently, in 2024, Plaintiff earned significant commissions and was owed wages under the Employment Contract and

California law. However, after his employment ended, Defendant refused to pay him commissions owed.

7. Pursuant to his Employment Contract, more specifically, an Employee Stock Ownership Plan, Plaintiff was granted shares of AMNET. For example, as of December 31, 2021, Plaintiff had over 115,000 vested shares. Pursuant the Contract, upon termination, Plaintiff's stock options were supposed to be converted to cash, and then invested in fixed income investments, preserving the value of the stock options. However, Defendant has failed or refused to inform Plaintiff of the current status of the shares and, on information and belief, did not cash out the shares and allowed the value to decline.

## FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

8. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

9. Pursuant to the Employment Contract, Defendant agreed to pay Plaintiff commissions on work completed by Plaintiff. Defendant also agreed to award stock options to Plaintiff and cash them out upon termination. However, Defendant breached the Agreement by failing to do so.

10. Plaintiff fulfilled all of his contractual obligations.

11. As a proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial, in excess of the jurisdiction of this Court, plus interest.

## SECOND CAUSE OF ACTION

## FAILURE TO COMPENSATE FOR BASE RATE IN VIOLATION OF CALIFORNIA LABOR CODE

12. Plaintiff realleges and incorporates herein all the allegations set forth above.

13. California Labor Code Sections 510, 515 and 1194 require that employers pay employees for all hours worked. Defendant violated these provisions by not paying Plaintiff for hours worked.

14. As a direct result of Defendant's conduct, Plaintiff has suffered damages in terms of lost wages and other pecuniary loss.

15. California Labor Code Section 558.1 allows for any employer or other person acting on behalf of an employer who violates or causes to be held liable as the employer for such violation. Plaintiff also is entitled to his reasonable attorneys' fees and costs.

### THIRD CAUSE OF ACTION

### FAILURE TO COMPENSATE FOR MINIMUM WAGE AND OVERTIME HOURS IN VIOLATION OF CALIFORNIA LABOR CODE

16. Plaintiff reallege and incorporates herein all the allegations set forth above.

17. The California Labor Code, including Sections 1194 and 1197, requires that employers pay employees for all hours worked at least at the minimum wage, plus overtime for employees who work in excess of eight hours in one workday and who work in excess of forty hours in any one workweek at the rate of no less than one and one-half times the regular rate of pay, and twice the regular rate of pay for work that is provided that is more than 12 hours in a day or over eight hours on the 7th consecutive day of work. If an employee is exempt, the employee also is required to be paid a minimum salary. Defendant violated these provisions by failing to pay Plaintiff a minimum wage, plus overtime.

18. As a direct result of Defendant's conduct, Plaintiff has suffered damages in terms of lost wages and other pecuniary loss.

19. California Labor Code Section 1194 states that Plaintiff is entitled to recover the unpaid balance of the full amount of overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit. The amount of damages Plaintiff incurred will be ascertained at trial. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.

20. California Labor Code Section 558.1 allows for any employer or other person acting on behalf of an employer who violates these provisions. Plaintiff also is entitled to his reasonable attorneys' fees and costs.

### **FOURTH CAUSE OF ACTION**

### **FAILURE TO PROVIDE APPROPRIATE WAGE STATEMENTS IN VIOLATION OF CALIFORNIA LABOR CODE**

21. Plaintiff realleges and incorporate by reference all paragraphs set forth above.

22. California Labor Code Sections 226 and 226.3 require that employers furnish employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, an accurate itemized statement in writing showing gross wages earned, total hours worked by the employee, and other key details related to the employee's pay. Defendant violated these provisions by failing to provide Plaintiff with accurate and complete wage statements, as required by law and as described above.

23. As a direct result of Defendant's conduct, Plaintiff has suffered injury for the purposes of this provision. These damages include those set forth in Labor Code Section 226(e)(1) and Section 226.3 and entitle Plaintiff to attorneys' fees and costs. Defendants also are liable for penalties pursuant to the Labor Code.

24. California Labor Code Section 558.1 allows for any employer or other person acting on behalf of an employer who violates or causes to be violated Section 226 to be held personally liable as the employer for such violation.

25. California also provides for an award of reasonable attorney's fees and costs incurred by a prevailing plaintiff in an action brought under its provisions. Plaintiff has incurred and will continue to incur attorneys' fees and costs herein.

## FIFTH CAUSE OF ACTION

## WAITING TIME PENALTIES

26. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

27. Defendant, on numerous occasions, did not pay Plaintiff for hours worked, reimbursable expenses and other owed wages to be established at trial. As a result, upon termination, Plaintiff was owed wages. Thus, Defendant is liable to Plaintiff for waiting time penalties, pursuant to Labor Code Sections 203 and 558.1, as well as attorneys' fees, in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200

28. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

29. Defendant's numerous violations of the law, as well as the statutory and regulatory violations alleged herein, constitute unlawful business practices and unfair competition in violation of Business and Professions Code Section 17200 *et. seq.*

30. Accordingly, Plaintiff is entitled to restitution and/or injunctive relief requiring Defendant to pay all unpaid wages over the past four years, in addition to an award of attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

31. Plaintiff realleges and incorporates by reference all paragraphs set forth above.

32. California law implies a covenant of good faith and fair dealing in every contract.

33. A written employment contact was established under which Defendant owes Plaintiff money and stock options.

34. Defendant breached the covenant of good faith and fair dealing, by, among other actions, not informing Plaintiff or otherwise communicating with Plaintiff about money owed to him, including stock options, and protecting the value of his stock options. As a proximate result

of Defendant's conduct, Plaintiff has suffered and will continue to suffer damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, based on the foregoing, Plaintiff prays for relief as follows:

1. For compensatory and/or general damages in an amount to be determined at trial. For incidental and consequential damages according to proof at trial;

2. For costs of suit incurred herein;

3. For reasonable attorneys' fees and costs to the extent permitted by law;

4. For prejudgment interest;

5. For such other and further relief as the Court may deem just and proper.

Plaintiff demands a jury trial.

Dated: August 19, 2024     HUSKINSON, BROWN & HEIDENREICH, LLP

By: _____
Brian Center, Esq.
Attorneys for Plaintiff
SPENCER THOMAS