Christopher J. Kelly (CSB#264183)
RIMON, P.C.
3579 4th Avenue
San Diego, CA 92103
Telephone: 609-299-1877
Email: christopher.kelly@rimonlaw.com

Tara L. Humma, (Admitted *Pro Hac Vice*)
RIMON P.C.
2929 Arch Street, Suite 1700
Philadelphia, PA 19104
Telephone: 215-914-3388
Email: tara.humma@rimonlaw.com

Attorneys for Defendant, Spencer Thomas

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMNET ESOP CORPORATION dba AMERICAN MORTGAGE NETWORK,<br><br>Plaintiff,<br><br>v.<br><br>CROSSCOUNTRY MORTGAGE, INC; AND SPENCER THOMAS,<br><br>Defendant. | Case No. 3:24-CV-00970-MMA-KSC<br><br>**DEFENDANT SPENCER THOMAS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**<br><br>Hearing Date: December 2, 2024<br>Time: 2:30 p.m.<br>Courtroom: 3D<br>Judge: Hon. Michael M. Anello |

**DEFENDANT SPENCER THOMAS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**

Defendant Spencer Thomas ("Mr. Thomas") hereby submits this Reply brief in further support of his Motion for Leave to File an Amended Answer and Counterclaim.

I. INTRODUCTION

Plaintiff AmNet ESOP Corporation ("AmNet") wrongly argues that Mr. Thomas should be prohibited from amending his Answer and bringing his Counterclaim against AmNet, however, this Circuit permits leave to amend with extreme liberality in circumstances such as those present in this case. In addition, AmNet's arguments are without merit where Mr. Thomas has not engaged in undue delay or gamesmanship, has acted in good faith, where the proposed counterclaim is not futile, and where AmNet will not suffer prejudice as a result of the amendment.

First, with regard to the allegation of gamesmanship and delay, AmNet unsurprisingly fails to mention certain highly relevant facts in its opposition including that this matter was not transferred to this Court until May 31, 2024 and that AmNet was without participating counsel from June 11, 2024 through September 9, 2024 when current counsel for AmNet entered his appearance. With regard to AmNet's comparison to the alleged tardiness of Mr. Thomas's Motion to Transfer Venue, AmNet conveniently fails to mention that it previously raised this argument before the Honorable Judge Richard W. Story of the Northern District of Georgia prior to transfer to this Court and that Judge Story rejected that argument, determining that there had been no delay, that there was no time limit for moving to transfer and that "Thomas filed the instant Motion to Transfer within a month of the Court's December 18, 2023 Order [on Defendants' Motions to Dismiss] significantly streamlining the case." (Docket No. 66, page 21). Similar to that analysis, here there is no deadline for seeking leave to amend under the Federal Rules of Civil Procedure and this Court set a specific deadline to file such a motion – October 31, 2024, the date upon which the motion was filed by Mr. Thomas and less than eight weeks after counsel for Mr. Thomas was first able to confer with an attorney for AmNet regarding such a motion.

As such, Mr. Thomas has not unduly delayed in bringing his counterclaim.

Second, AmNet appears to be oversimplifying its claims against Mr. Thomas in an effort to claim that Mr. Thomas's proposed counterclaim is futile as a result. However, this argument is contrary to AmNet's actual claims and the facts of the case where (1) the agreement in question contains unlawful, *de facto* non-compete provisions in the form of provisions that purport to protect AmNet's confidential information and trade secrets, but in fact prevent Thomas from seeking lawful employment in violation of §16600 – the exact same provisions AmNet has alleged Mr. Thomas has breached; and (2) AmNet has clearly alleged throughout this case that Mr. Thomas's post-employment conduct, including conduct after he began employment with CrossCountry, was improper. Simply put, AmNet cannot now argue that it is only alleging a breach of contract based on Mr. Thomas's conduct while employed by AmNet to defeat Mr. Thomas's counterclaim unless it dismisses the portions of its liability and damages claims that apply post-termination. As such, Mr. Thomas has stated a claim that certain provisions of his employment agreement are *de facto* non-compete provisions under California Business and Professions Code 16600 *et seq.* and therefore, his counterclaim is not futile.

Third, Mr. Thomas has acted in good faith. Parties are not required to bring all claims against each other in a single cause of action where the claims are not compulsory and where they arise out of different factual situations. The issue of whether Mr. Thomas's claims against AmNet in California State Court should have been brought in this action is not before this Court and, even if it was, Mr. Thomas would argue that those claims are not compulsory. As set forth more fully below, AmNet has pointed to nothing that would demonstrate bad faith or delay.

Finally, AmNet will not be prejudiced by permitting the amendment Mr. Thomas requests where the discovery related to Mr. Thomas's claim will not require additional discovery beyond that which is necessitated by AmNet's claims and Thomas's defenses. Further, AmNet only served their initial discovery demands

approximately a month ago on October 25, 2024, belieing AmNet's suggestion that discovery is "well underway". Unsurprisingly, AmNet has not explained what additional discovery it would need related to Mr. Thomas's counterclaim demonstrating that there is, in fact, no prejudice to AmNet.

For the foregoing reasons and as set forth more fully below and in Mr. Thomas's moving papers, the Court should gran Mr. Thomas's Motion to Amend.

## II. RELEVANT PROCEDURAL HISTORY

Plaintiff fails to describe much of the relevant procedural history of this case in its opposition papers. Mr. Thomas incorporates herein the Relevant Procedural History Section contained in his moving papers and references that history herein.

## III. ARGUMENT

### A. Standard for Amendments Under Rule 15

This Court has succinctly set forth the standard for granting a Motion for Leave to Amend under Federal Rule of Civil Procedure 15(a):

> …Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave," though the court "should freely give leave when justice so requires." *Id.* Courts consider five factors in assessing the propriety of an amendment: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted; (4) prejudice to the opposing party; and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962). These factors do not "merit equal weight," and "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* However, "[f]utility of amendment can, by itself, justify the denial of a motion or leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

*Pension Benefit Guar. Corp. as Tr. of Kachay Homes, Inc. Defined Benefit Pension Plan v. Karp*, No. 18CV652-MMA (AGS), 2019 WL 2106596, at *2 (S.D. Cal. May 14, 2019)(Hon. Michael M. Anello, U.S.D.J.).

**DEFENDANT SPENCER THOMAS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**

3

B. **Mr. Thomas's Proposed Counterclaim was Not Unduly Delayed**

As set forth in Mr. Thomas's moving papers, Plaintiff fails to address the sequence of events that lead the parties to where we are today. Namely, Mr. Thomas filed a Motion to Transfer this case to this Court from the Northern District of Georgia, which was granted on May 31, 2024. As part of that ruling, as noted above, Judge Storey determined that Mr. Thomas had not delayed in bringing the motion. Less than two weeks after the motion to transfer was granted, on June 11, 2024 AmNet's attorney indicated to Counsel for Mr. Thomas that he would be withdrawing from the case. A motion to withdraw, however, was not filed for almost two weeks until June 24, 2024 and AmNet did not retain new counsel until September 9, 2024. (Docket No. 92). Only three days after AmNet retained new counsel, on September 12, 2024, Mr. Thomas's attorney conferred with Mr. Galdston and asked whether AmNet would consent to Mr. Thomas's proposed amendment which he declined. On September 24, 2024, the Court imposed a Case Management Order setting October 31, 2024 as the deadline for the parties to file motions seeking leave to amend. (Docket No. 99) and Mr. Thomas timely filed his motion pursuant to that Order. Based on these facts, Mr. Thomas did not delay in seeking leave to amend to add his proposed counterclaim.

In support of this argument, this Court has stated in a prior opinion that "First, Defendants filed their motion on the deadline to file motions to amend pleadings and when discovery had just begun. As a result, there is an insufficient showing of undue delay." *Pension Benefit Guar. Corp. as Tr. of Kachay Homes, Inc. Defined Benefit Pension Plan v. Karp,* No. 18CV652-MMA (AGS), 2019 WL 2106596, at *2 (S.D. Cal. May 14, 2019) (Hon. Michael M. Anello, U.S.D.J.)(denying a motion to amend on futility grounds related to specific claims but stating that there was no undue delay, no indication of wrongdoing, no previous amendment and no allegation of prejudice). Similarly, here, Mr. Thomas filed his Motion to Amend by the Court imposed deadline which was only around one and one-half months after his counsel was finally

**DEFENDANT SPENCER THOMAS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**
4

able to confer with AmNet's counsel regarding same. Mr. Thomas has also not requested any previous amendments and there will be no prejudice to AmNet if the counterclaim is permitted as set forth below. In addition, this Court has held that delay caused by motions to dismiss together with the transferring of a case where "all parties and the Court share the responsibility for the procedural posture of the case" was not enough to support the denial of a motion to amend and did not support a finding of undue delay. *Brenneise v. San Diego Unified Sch. Dis.*, No. 08CV28-MMA(WMC), 2009 WL 1308757, at *5 (S.D. Cal. May 8, 2009) (Hon. Michael M. Anello, U.S.D.J.) (granting a motion to amend). Again, here the parties litigated a Motion to Dismiss for many months at the outset of the case and, thereafter, litigated the Motion to Transfer filed by Mr. Thomas which was not decided until May 31, 2024. As such, Mr. Thomas has not unduly delayed the filing of the within motion.

In addition to the above, the cases cited by AmNet in support of its position that Mr. Thomas unduly delayed are either out-of-circuit, non-precedential and/or inapplicable based on their facts and procedural history. For example, the first case cited by AmNet in this section is a First Circuit case where the Court did find that the Appellant had unduly delayed seeking leave to file an amendment, however, the delay was not the sole reason to deny the amendment. *Hayes v. New England Millwork Distributors, Inc.*, 602 F.2d 15, 20 (1st Cir. 1979). The Appellant had waited until Appellee moved for judgment on the pleadings to file a motion to amend, discovery had been completed, and the Court found the defendant would be prejudiced where the new allegations had not been raised in the original pleading. *Id.* This is distinguishable from our case where this motion has not been triggered by the filing of a dispositive motion, discovery is not completed, and there will be no prejudice to AmNet as set forth more fully below.

The other cases cited by AmNet can be distinguished as well. In fact, most of the cases cited by Plaintiff are patent cases where a specific patent rule requiring "diligence" governed the standard for amendment and where the Court did not even

reach a *Rule* 15 analysis. *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1368 (Fed. Cir. 2006) (distinguishable where this case involves interpretation of a diligence requirements under a local patent rule, not delay under Rule 15); *Silver State Intellectual Tech., Inc. v. Garmin Intern., Inc.*, 32 F. Supp. 3d 1155, 1163 (D. Nev. 2014) (same); *Allure Energy, Inc. v. Nest Labs, Inc.*, 84 F. Supp. 3d 538, 541 (E.D. Tex. 2015) (same); *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.*, 278 F.R.D. 505, 508 (N.D. Cal. 2011), aff'd, 475 F. App'x 334 (Fed. Cir. 2012) (same, also see below for further analysis); *Finisar Corp., v. The DirecTV Group, Inc.*, 424 F. Supp. 2d 896, 902 (E.D. Tex. 2006) (same); *Mears Techs., Inc. v. Finisar Corp.*, No. 13-cv-376-JRG, 2014 WL 12605571, at *2 (E.D. Tex. Oct. 6, 2014) (same).

Finally, AmNet's citation of Judge Story's prior Joint Preliminary Report and Discovery Plan is also misleading where a whole host of events have happened since that time. Importantly, a new Scheduling Order was entered by this Court on September 24, 2024 which supersedes and modifies the prior Order entered by Judge Story pursuant to *Fed. R. Civ. Pro*. 16(b)(4). As such, there is nothing improper or in violation of the Federal Rules of Civil Procedure related to Mr. Thomas's filing of the within Motion to Amend and therefore, his motion should be granted.

### C. <u>Mr. Thomas Has Stated a Claim Under California Business and Professions Code §16600 *et seq.* and His Proposed Counterclaim Has Not Been Waived</u>

First, Mr. Thomas has certainly not waived his counterclaim as AmNet suggests by not including same in his initial Answer. None of the cases cited by AmNet stand for that proposition. Rather, the cases cited by AmNet stand for the proposition that if a compulsory counterclaim is not brought in a litigation, a party is barred from bringing it in a subsequent, different litigation. *See Local Union No. 11 v. Thompson Electric, Inc.*, 363 F.2d 181, 184 (9th Cir. 1966); *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960).

If AmNet's argument were accepted as true, parties would never be permitted

**DEFENDANT SPENCER THOMAS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**

6

to amend to add new claims after their initial pleading – an assertion we all know to be patently false as complaints and answers are frequently amended in Federal Court cases to add claims and counterclaims. *Fed. R. Civ. P.* 13's history directly contradicts Plaintiff's argument. The Committee Notes on Rules – 2009 Amendment specifically explain that Section (f) of *Rule* 13 was abrogated in 2009 to avoid confusion on this very issue. Section (f) of *Rule* 13 previously stated "(f) OMITTED COUNTERCLAIM. The court may permit a party to amend a pleading to add a counterclaim if it was omitted through oversight, inadvertence, or excusable neglect or if justice so requires." *Fed. R. Civ. P.* 13(f) (2008 version). The Committee Notes on the 2009 Amendment to the rule state:

> Rule 13(f) is deleted as largely redundant and potentially misleading. An amendment to add a counterclaim will be governed by Rule 15. Rule 15(a)(1) permits some amendments to be made as a matter of course or with the opposing party's written consent. When the court's leave is required, the reasons described in Rule 13(f) for permitting amendment of a pleading to add an omitted counterclaim sound different from the general amendment standard in Rule 15(a)(2), but seem to be administered—as they should be—according to the same standard directing that leave should be freely given when justice so requires. The independent existence of Rule 13(f) has, however, created some uncertainty as to the availability of relation back of the amendment under Rule 15(c). See 6 C. Wright, A. Miller & M. Kane, Federal Practice & Procedure: Civil 2d, §1430 (1990). Deletion of Rule 13(f) ensures that relation back is governed by the tests that apply to all other pleading amendments.

As such, it is clear that there is no waiver based on *Rule* 13 and that amendments to add counterclaims are governed by *Rule* 15.

Second, Mr. Thomas Has Stated a Claim under California Business and Professions Code §16600 *et seq.* and his proposed counterclaim is not futile. AmNet argues that Mr. Thomas has not alleged the specific language in his employment agreement that constitutes a *de facto* non-compete. However, that is patently untrue where Mr. Thomas has alleged the specific paragraphs in the employment agreement that constitute unlawful non-compete provisions under California law. (*See* Docket No. 103-2, paragraphs 18-19, 22-23).

AmNet also argues that California Business and Professions Code §16600 *et*

**DEFENDANT SPENCER THOMAS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**
7

*seq.* is inapplicable where AmNet's claims are solely based on Mr. Thomas's conduct while he was an employee of AmNet. However, AmNet's Complaint belies that argument where allegations refer to "post-termination obligations" and refer to conduct of Mr. Thomas that could have occurred during or after his employment with AmNet. (Docket No. 29, paragraphs 16, 64, 66, 67, 68, 106, 121, 122). AmNet should not be heard to argue against its own pleadings, but should instead seek to dismiss those portions of its claims if it no longer intends to proceed with them.

For these reasons, Mr. Thomas's motion should be granted where his proposed counterclaim is not futile.

### D. Mr. Thomas Has Acted in Good Faith

Mr. Thomas has not sought to prolong the litigation and has acted in good faith. As set forth below, Mr. Thomas does not anticipate that his counterclaim will prolong the litigation whatsoever. In addition, there is no evidence that Mr. Thomas seeks this amendment because the transfer of venue and/or his state court action did not accomplish his desired results. In fact, the opposite is true – the transfer was granted and his state court action is still pending.

Again, the cases cited by AmNet are distinguishable. The *Fullview* case and the *Trans Video Electronics, Ltd.* case specifically reference a local patent rule requiring diligence which is not at all applicable here. *Fullview, Inc. v. Polycom, Inc.,* No. 18-cv-00510-EMC, 2021 WL 1668017, at *5 (N.D. Cal. April 28, 2021); *Trans Video Elecs., Ltd. v. Sony Elecs., Inc.,* 278 F.R.D. 505, 509 (N.D. Cal. 2011), aff'd, 475 F. App'x 334 (Fed. Cir. 2012). Under the local patent rule, a court can deny a motion to amend solely on the basis of lack of diligence. *Id.* The Court in each case denied the amendment after finding a lack of diligence under the patent rule and under Rule 15 for reasons *other than just delay* – for example, finding bad faith and futility where the amendment sought to add a claim almost identical to one already dismissed and finding bad faith where the motion was made as a "last-ditch attempt to avoid summary judgment." *Id.*

**DEFENDANT SPENCER THOMAS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**
8

1  These cases are dissimilar to this matter for a few reasons. First, this is not a patent case and the diligence requirements under local patent rules are not applicable here. Second, there has been no bad faith of the nature set forth in those cases. Mr. Thomas does not seek to amend to add a counterclaim nearly identical to one that has already been dismissed nor is he seeking this amendment as an end run around a pending summary judgment motion.

In addition, Mr. Thomas's unrelated claims in State Court against AmNet do not evidence bad faith where Mr. Thomas is not prohibited from bringing such claims in that forum and where those issues are not currently before this Court, and will not delay this matter.

As such, Mr. Thomas acted in good faith and his motion should be granted.

### E. Permitting Mr. Thomas's Counterclaim to Proceed Will Certainly Not Cause Undue Prejudice to AmNet

Prejudice to the opposing party is the most important factor to consider when a party seeks leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003) (per curiam); *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir.1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330–31, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971)). AmNet has alleged that Mr. Thomas violated the exact contractual provisions Mr. Thomas seeks to have the Court declare invalid and void by way of his proposed counterclaim under California Business and Professions Code §16600 *et seq*. As such, AmNet cannot genuinely ask this Court to find that adding such a counterclaim would "greatly alter the nature of the litigation" or would require AmNet to "undertake… an entirely new course of defense," a factor the Court in the *Morongo Bank of Mission Indians* case cited by Plaintiff says is "not fatal to amendment,…, but… enters into the balance." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Whether the contractual provisions are valid and enforceable and whether Mr. Thomas violated them have been central issues in this case from its outset.

In addition, the fact that Mr. Thomas had already plead invalidity of the contract provisions in question under Business and Professions Code §16600 *et seq.* as a defense specifically discredits AmNet's argument that it would be prejudiced by permitting Mr. Thomas's counterclaim. Certainly, AmNet should have already been litigating this case with the understanding that Mr. Thomas would challenge those provisions under Business and Professions Code §16600 *et seq.* whether via defense or counterclaim. Mr. Thomas's previously served written discovery already encompasses that defense and he only seeks leave to add a counterclaim now to preserve his right to seek attorneys' fees should AmNet dismiss its claims or find itself without counsel and unable to proceed again.

Based on the above, it is clear that AmNet will not be prejudiced by allowing Mr. Thomas's counterclaims to proceed where discovery related to Mr. Thomas's claim will be coextensive with the discovery related to AmNet's claims and the defenses already plead in this matter. Unsurprisingly, AmNet has not explained what additional discovery would be needed as a result of Mr. Thomas's counterclaim but rather, has simply explained the minimal discovery the parties have completed to date demonstrating that there is, in fact, no prejudice to AmNet.

### IV. CONCLUSION

For all of the foregoing reasons, Mr. Thomas respectfully requests that this Court grant his Motion for Leave to Amend to Add a Counterclaim.

Dated: November 25, 2024        RIMON, PC.

By:  /s *Tara L. Humma*
     Tara L. Humma
     Christopher J. Kelly
     Attorneys for Defendant, Spencer Thomas

**DEFENDANT SPENCER THOMAS' REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED ANSWER AND COUNTERCLAIM**